## No. 10,146.

## SUCCESSION OF JOHANNA VOLLMER.

## ON PETITION FOR NULLITY OF WILL, ETC.

An act of adoption executed since 1872, before a notary public, by husband and wife, with the consent of the widowed mother of the child, is valid, though not authorized by judicial sanction.

The Act of 1872, No. 31, providing for the manner of adopting children, dispenses with the judicial permission, previously required by the Act of 1865, No. 48. A notarial act is the only act now required.

The recital, in a nuncupative will by public act, that the officiating witnesses are *competent*, does not satisfy the exigency of the law, which requires the statement in the act that they are *residents* of the place wherein the will is executed.

The act must, on its face, make full proof of the facts constituting the competency of the witnesses in that respect, and show the observance of all the essential formalities required to be fulfilled.

38

The notary is not authorized to judge of the competency of the witnesses and dispense himself from stating the facts constituting that competency. He must state those facts and express in what manner the required formalities were fulfilled.

The omission to declare those facts cannot be supplemented and renders the will invalid.

Husbands and wives cannot prescribe against each other.

APPEAL from the Civil District Court, Parish of Orleans. *Houston*, J.

*Jos. H. & J. Zach. Spearing* for Tobias Vollmer, Defendant and Appellant:

In order for a person to be legally adopted, it is necessary that the authority of the court should first be obtained. The execution of an act of adoption before a notary without other formality does not constitute a legal adoption. Act No. 48 of 1865: R. S., Secs. 2322 to 2328; Article 214 of R. C, C.; Succession of Hosser, 37 Ann. 840.

A wife who renounces the community, loses all sort of right thereto. R. C. C. 2411.

Unless a divorced wife applies within ten days from the rendition of the judgment of divorce for an inventory of the community property and formally accepts the community within thirty days, she is presumed to have renounced the same. The presumption of law is against the wife accepting the community, unless it affirmatively appears that she accepted the same. R. C. C. 2420, (2459), 2519, (2388); Herman vs. Theurer, 11 Ann. 70 to 72; Audrich vs. Lamothe, 12 Ann. 77; Succession of Ewing vs. Altmeyer, 15 Ann. 416.

A judgment of divorce dissolves the community then existing, and a subsequent marriage of the divorced spouses creates a new community and is not a continuation of the community which was dissolved by the judgment of divorce.

The declaration of the notary in a will by public act that the will was executed, etc., in the presence of A, B and C, "competent witnesses," is a compliance with the law, and such a testament will not be annulled because the notary failed also to state that the said "competent witnesses resided in the parish." State vs. Martin, 2 Ann. 715; Sterlin vs. Gros, 5 L. 105; Chardon's Heirs vs. Bongue, 9 L. 458, 468; Thibodeaux vs. Voorhies, 25 Ann. 480.

*Braughn, Buck, Dinkelspiel & Hart* for Plaintiff and Appellee.

No syllabus, but quoted the following authorities: Buddig vs. Baldwin, 38 Ann. 395; Lilienthal vs. Succession of Hosser, 35 Ann. 839; LeBlanc vs. Burras, 16 L. 80, and Swift vs. Swift, 9 Ann. 118.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The object of this suit is to recover the entirety of the Succession of the deceased.

To that end, the plaintiff alleges that she was legally adopted by the deceased and her husband, Tobias Vollmer, and thus acquired all the rights vested by law in legitimate descendants; that Johanna Vollmer has departed this life, without issue, or forced heirs, leaving a will by public act, by which she institutes her husband her universal legatee; that said will is a nullity, in not stating that the officiating witnesses are *residents* of the place; that she is consequently entitled to all the property of which Johanna Vollmer died possessed.

The defenses are: That the plaintiff has no standing in court in

this, that the act whereby she claims to have been adopted, is a nullity, for the reason that it was executed without judicial authority, which was an essential condition precedent; that the will is valid, as it recites that the witnesses to it are *competent* and that the plaintiff has no greater rights than the deceased, through whom she claims, and who had forfeited all claims against the community, for reasons which it is needless to state.

From an adverse judgment, Tobias Vollmer appeals.

It appears that on August 11th, 1875, by authentic act, Tobias Vollmer and Johanna Brestinchiner, his wife, adopted Magaret Ann Kelly, born on July 15, 1867, conferring expressly upon her, all the rights of a legitimate child in their respective successions, subject to the rights of forced heirs, and that the mother of the child, Widow Michael Kelly, consented.

The act does not recite that judicial authority was previously obtained for its execution, and hence, it is charged, that the failure to have procured the permission is destructive of the adoption.

I.

The question therefore arises: Was this omission fatal to the validity of the act; or, in other words, has the Act of 1865, No. 48, which stipulated that such authorization should be obtained, been or not repealed in that respect.

Several acts were subsequently passed on the subject of adoption, before and after the Revised Code, which itself contains legislation on the matter.

The Act of 1865 was expressly amended by Act 17 of 1867, which provides that persons having legitimate children may adopt any other child, *provided* the adoption shall not interfere with the rights of the forced heirs.

It was again expressly amended by Act 64 of 1868, to confer exclusive jurisdiction on parish courts outside of the parish of Orleans and to authorize, when the person adopted is a minor, the surrender of the entire paternal authority to the adoptor.

This act of 1865, with its amendments, was incorporated in the Revised Statutes as Sections 2323 to 2328, both inclusive.

The Revised Code contains supplemental provisions. R. C. C. 214,

It prohibits the adoption of illegitimate children, whose acknowledgment it forbids; such adoption not to interfere with the rights of forced heirs.

It provides, that the person adopting shall be at least forty years of age, and at least fifteen years older than the person adopted.

It confers on the person adopted all the rights of a legitimate child in the estate of the person adopting him, except as above stated.

It requires the concurrence of married persons to adopt a child, saying that one cannot adopt without the consent of the other.

In 1872, by Act No. 31, it was provided, that any person *above* the age of twenty-one years shall have the right, by act to be passed before any parish recorder or notary public, to adopt any child *under* the age of twenty-one, *provided* that, if such child have a parent, or parents, or tutor, the concurrence of such shall be obtained, who, and as evidence, shall be required to sign the act.

It is apparent, from an inspection of those various laws that, at the date of the last act, there must have existed some confusion in the mind, touching the *forms* to be followed in cases of adoption, and it must have been for the purpose of dispelling all doubt on the subject that the Legislature passed the just mentioned act.

That act surely had some object in view, otherwise it would not have been passed.

It evidently contemplated a change of the provisions in the Revised Code, Art. 214, in this, that it does away with the conditions that the adopting person should be at least forty years of age and fifteen years older than the adopted one, by providing that any person *above* twenty-one years may adopt any one *under* that age.

It further contemplated some legislation on the subject of consent, to be given by the parents, parent, or tutor of the minor to be adopted.

That act consists of one section only, and does not contain any repealing clause of anterior laws, in conflict with it, or on the same subject matter.

The absence of such clause is easily accounted for. The Legislature did not intend to modify anterior laws on adoption in all respects. It proposed to leave intact all that portion of the legislation concerning the substance, such as the rights of the adopted persons and the qualifications of the adoptors, except as the question of age, and designed, beyond this, to simplify the matters of form to be gone through, by requiring merely a notarial act and dispensing with the judicial sanction previously exacted, as indispensable.

The Constitution of 1868 required that the object or objects of an act should be expressed in its title.

Hence it is natural enough, in order to ascertain what the object of

the act of 1872 was, to consider its title, which is " An act providing for the manner of adopting children:"

The word " *manner*" is clearly demonstrative that the purpose of the law was to provide for the form to be used for the adoption of minors.

It is then apparent that, as the act does not allude to the judicial authority previously demanded, that ceremony was abandoned and suppressed, and another one, plainer and less expensive, was substituted to it.

In the case presented in the Succession of Hosser, 37 Ann. 840, there was no issue as to the *form* of the act. It was passed in 1866, in the year following the act of 1865, which required judicial sanction. If obtained since 1872, judicial authority would be surplusage.

The act of adoption levelled against here must, therefore, stand.

## II.

The second question presented relates to the validity of the will, which is in the nuncupative form by public act.

The charge against it, is, that it does not set forth that the three witnesses are *residents* of the parish of Orleans, but that they are *competent* witnesses.

The omission is fatal. The notary is required by law, under pain of nullity of the act, to express specifically every material fact consti-tuting the competency of himself and of the officiating witnesses under the law, in that respect, and also every formality observed in the execution of the will. The act must make full proof on its face of every element necessary to its validity, as no evidence is admissible to supply any deficiency. The notary is not constituted a judge of the legal fulfillment of these formalities, otherwise it would suffice for him to state that the will was executed after observance of all legal exigencies, but this would be a plain violation of the law. R. C. C. 1578, 1595; Leblanc vs. Burras, 16 L. 80; Swift vs. Swift, 9 Ann. 118; Shannon vs. Shannon, 16 Ann. 9; Succession of Whittington, 26 Ann. 89; Succession of Carroll, 28 Ann. 388; Devoll vs. Balms, 20 Ann. 203; Succession of Wilkin, 21 Ann. 115; Thibodeaux vs. Voorhies, 25 Ann. 480; Laurent 23, p. 262; Duranton 9, 112; Merlin Tem. Instr.; Toullier 5, p. 451.

The will being deficient in an essential particular, is a nullity and must be so regarded and treated.

## III.

The plaintiff having established that she was legally adopted by Mrs. Vollmer, and that the will left by her is a nullity, it follows that

she has inherited all the property which she died owning, as completely as if born of her body.   37 Ann. 840.

### IV.

Questions have been raised antagonistical to the rights of the deceased in the community which existed between her and her husband, to the effect that she did not, within the time fixed by law (thirty or sixty days), accept that community, and that, by such failure, she has forfeited all claims to what might have been her share therein, otherwise.

It appears that Tobias Vollmer and Johanna Brestinchiner (the deceased) first contracted marriage in December, 1858; that they were subsequently divorced, June 10, 1885; and that shortly afterwards, in July following, but within thirty days, they married again, the wife dying some time later, without having, before her second marriage, accepted the community.

We deem it unnecessary to pass upon those questions to any considerable extent.

It suffices to say that the second marriage, having been contracted within the time during which, it is claimed, that the community should have been accepted, after the judgment of divorce, it has suspended all prescription, as, husbands and wifes cannot prescribe against each other.   R. C. C. 3523.

Judgment affirmed.