(38 South. 140.)

No. 15,262.

Succession of CALDWELL.*

(Jan. 16, 1905.)

ADOPTION — FOREIGN DECREE — RECOGNITION— ADULTS AND MINORS—AGE OF PARTIES.

1. Where a childless old man, a resident of the state of Louisiana, through counsel specially employed for that purpose, obtained a decree in a probate court in the state of Massachusetts, declaring that he adopted his niece, a resident of said state, as his child, and it is shown that such adoption was valid under the laws of Massachusetts, and conferred on the niece all the rights of a legitimate child, *held*, that such decree will be given full effect in Louisiana under the "full faith and credit" clause of the federal Constitution, and under the principles of comity, when the enforcement of such a decree is not repugnant to the laws of Louisiana, and does not affect any of its citizens.

2. The statutes of Louisiana, like those of Massachusetts, provide for the adoption of both

*Rehearing denied February 27, 1905.

adults and minors, and give the adopted persons all the rights of legitimate children.

3. Act No. 31 of 1872, p. 79, applies only to the adoption of minors, has no repealing clause, and did not abrogate the provisions of Civ. Code, art. 214, relative to the adoption of adults.

4. Where it is contended that the adoption in Massachusetts was repugnant to the laws of Louisiana relative to difference in ages between the parties, *held*, that the burden of proving the facts was on the parties attacking the judgment.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

In the matter of the succession of Samuel Blagge Caldwell. Susan B. Samuels was appointed administratrix. Action by certain alleged heirs of the deceased to annul the order of appointment. Judgment for the administratrix, and plaintiffs in nullity appeal. Affirmed.

Alexis Brian, for appellants. McCloskey & Benedict, for appellee Samuels.

LAND, J. Samuel Blagge Caldwell, for many years a resident of the state of Louisiana, died at his domicile in the city of New Orleans on October 24, 1903, intestate, leaving no resident heirs. His estate consisted principally of money in bank and other movables to the value of $11,613.39, as shown by inventory subsequently taken.

His nearest of kin were eight nephews and nieces of the half blood, all residents of other states of the Union.

One of the nieces, Mrs. Susan B. Samuels, of the state of Massachusetts, arrived in New Orleans a few days after the death of the deceased, applied to be appointed administratrix of the succession, alleging that she was sole forced heir of the deceased, that the succession owed debts, and that an administration was necessary. On November 17, 1903, the court ordered that Mrs. Samuels be appointed administratrix, and that letters of administration issue to her on her complying with the legal requisites.

The other seven nephews and nieces sued

to annul the said order of appointment on the ground that it had been obtained by false and fraudulent representations as to residence and heirship, and without the appointment of an attorney for absent heirs. They prayed that the order of appointment be annulled, that Henry B. Caldwell be appointed administrator, and that they, with Mrs. Samuels, be recognized as the heirs at law of the deceased.

For answer, Mrs. Samuels denied that she was guilty of fraud as alleged, and pleaded that she was lawfully adopted by the deceased as his daughter on October 8, 1895, by a decree of a probate court of competent jurisdiction in the state of Massachusetts, and was therefore entitled to all the rights of a forced heir.

Plaintiffs, by supplemental petition, denied the adoption as alleged, and averred that, if any decree existed, it was null for want of jurisdiction, and, if there was jurisdiction, the decree was inoperative. There was judgment in favor of Mrs. Samuels maintaining her as administratrix, and recognizing her as the adopted daughter and sole heir of the deceased, Samuel Blagge Caldwell. Plaintiffs in the action of nullity appealed.

Mrs. Samuels, on the trial of the cause, filed in evidence a document duly certified according to the act of Congress, of tenor as follows, viz.:

"Commonwealth of Massachusetts.
"Middlesex S. S.
"[Seal.]
"Probate Court.
"To Samuel B. Caldwell of New Orleans, in the State of Louisiana.
"Whereas you have petitioned this Court for leave to adopt Susan Blagge Samuels, a child born on the twenty-first day of October A. D. 1846, and the written consent required by law has been given thereto; being satisfied of the identity and relations of the persons, and the fitness and propriety of such adoption, I, George F. Lawton Esquire, Judge of said County, by virtue of the power and authority vested in me, have decreed that from this day said Susan B. Samuels shall to all legal intents and purposes be your child. * * * You therefore assume the relation of parent to said Susan B. Samuels and will hereafter cherish, support, and otherwise provide for her as though you were her natural parent.
"In testimony whereof, I have hereunto set my hand and caused the seal of said Court to be affixed at Cambridge, this eighth day of October in the year of our Lord One Thousand Eight Hundred and ninety-five.
"[Signed]                George F. Lawton,
                "Judge of Probate Court.
"Countersigned:
"S. H. Folsom, Register.
"A true record.
"Attest S. H. Folsom, Register."

It appears that in the year 1895 Samuel B. Caldwell employed an attorney in Massachusetts to obtain the above decree of adoption. Mrs. Susan B. Samuels was then 49 years of age, and the mother of two children. It appears incidentally that she had obtained a decree of divorce from her husband.

The deposition of the attorney was taken. It sufficiently appears from his answers that the above document is a copy of the decree obtained by him, and is regular in form. It was duly recorded, and there is no evidence of any other or further proceedings in the case. The attorney, in his answer, furnished extracts from the statutes of Massachusetts, as follows, to wit:

"A person of the age of twenty-one years or upwards, may petition the probate court in the county of his residence for leave to adopt as his or her child another person younger than himself or herself, unless such other person is his or her wife, husband, brother, sister, uncle, or aunt, either of the whole or half blood. If the petitioner has a husband or wife living, who is competent to join in the petition, such husband or wife should join therein, and upon adoption the child shall be deemed the child of both. If a person not an inhabitant of the commonwealth, desires to adopt a child residing here, the petition may be made to the probate court in the county where the child resides."

The attorney testified further as follows, viz.:

"Under this statute a person not an inhabitant of the commonwealth of Massachusetts may adopt a person younger than him or herself as a child, provided the petition is brought in the county where the child resides."

Under this statute the only qualification as to age is that the person adopted must be younger than the person adopting, who must

be of age of 21 years or upwards. The use of the word "child" in the last sentence cannot be construed as meaning a minor in the face of the preceding provisions fixing the qualification of age and applying the same term to any person younger than the person adopting.

The attorney further testified that under the statutes of Massachusetts the adopted child has the same right of succession to the property of the person adopting him or her as a child born in lawful wedlock would have.

We make the following extracts from the answers of the same witness, viz.:

"It is the law in the commonwealth of Massachusetts that if a person not a resident of this state submits himself to this jurisdiction, he is bound by such decrees and orders as may be made in his favor or against him. * * *

"The decree of adoption creates a status in both of the parties to the transaction. This status is recognized by all the courts of the commonwealth of Massachusetts where such status is created by sister states. See Ross v. Ross, 129 Mass. 243 [37 Am. Rep. 321]."

We are of opinion that the adoption in question was legal and valid under the statutes of the state of Massachusetts, and fixed the status of both parties. It was the state of the domicile of the adopted daughter, and the adopted father voluntarily submitted himself to the jurisdiction of the court, and prayed that a decree of adoption be rendered pursuant to the laws of the state.

In the case of Foster v. Waterman, 124 Mass. 592, the court held that the statutes of New Hampshire did not authorize the adoption by nonresidents of a child domiciled in that state. If the statutes had authorized such an adoption, it is clear from the doctrine of Ross v. Ross, supra, that the status would have been recognized by the courts of Massachusetts.

The adoption being legal under the laws of that state, the only remaining question is whether our laws forbid the courts of this state to recognize the status thus created.

In Ross v. Ross, 129 Mass. 267, 37 Am. Rep. 321, the court said:

"We are not aware of any case in England or America in which a change of status in the country of the domicile, with the formalities prescribed by its laws, has not been allowed full effect as to the capacity thereby created of succeeding to and inheriting property, real as well as personal, in any other country the laws of which allow a like change of status in a like manner with a like effect under like circumstances."

It is contended by counsel for appellants that since the enactment of Act No. 31 of 1872, p. 79, the adoption of persons over the age of 21 years has not been permitted under the laws of this state.

In the determination of this question it is necessary to consider what were the laws of Louisiana on the subject of adoption prior to the passage of said statute, and how far its enactment modified or repealed the existing legislation on the subject.

The Civil Code of 1870 contained the following provisions on the subject of adoption, viz. (article 214):

"Any person may adopt another as his child, except those illegitimate children whom the law prohibits him from acknowledging; but such adoption shall not interfere with the rights of forced heirs."

"The persons adopting must be at least forty years old and must be at least fifteen years older than the person adopted. The person adopted shall have all the rights of a legitimate child in the estate of the person adopting him except as above stated. Married persons must concur in adopting a child. One of them cannot adopt without the consent of the other."

Particular rules were laid down in the Revised Statutes of 1870 concerning the adoption of minors. Sections 2323, 2324, 2325, and 2328. A decree of court rendered with the consent of the parents or tutor, followed by a notarial act of adoption, was required.

In 1872 the Legislature adopted a statute entitled:

"An act providing the manner of adopting children," which reads as follows, viz.:

"Section 1. That any person above the age of twenty-one years shall have the right by act

to be passed before any parish recorder or notary public, to adopt any child under the age of twenty-one years: provided, that if such child shall have a parent or parents, or tutor, that the concurrence of such parent or parents or tutor shall be obtained, and as evidence thereof shall be required to sign said act."

The statute (Act No. 31 of 1872, p. 79) is given above in full. It contains no repealing clause. It modified existing laws by providing that any person above the age of 21 years should have the right to adopt a minor child, and that adoption by notarial act should be sufficient. The act does not refer to the adoption of adults, and its exclusion of minors from the operation of Civ. Code, art. 214, leaves the provisions of that article in force as between adults. Repeals by implication are not favored. The Succession of Vollmer, 40 La. Ann. 598, 4 South. 254, was a case of the emancipation of a minor by a notarial act under Act No. 31 of 1872, and the court held that judicial sanction was unnecessary. In the opinion it was said that "the purpose of the law was to provide for the form to be used for the adoption of minors" as indicated by the title of the act. Our conclusion is that the provisions of the Civil Code and of the Revised Statutes of 1870 relative to the adoption of adults were not repealed by Act No. 31 of 1872, p. 79.

It is next contended that there was not a difference of 15 years between the ages of the deceased and Mrs. Samuels. The certificate of death states that the deceased was 75 years of age. Mrs. Samuels was born in 1846. There is no direct or positive evidence as to date of the birth of the deceased. Mrs. Samuels' testimony amounts to nothing more than a guess or surmise. She states that her impression was that her uncle was born in 1834. Her brother testified that his uncle came to New Orleans in 1859, and was then an officer in the revenue marine. This witness said nothing about the age of his uncle, and it was not an issue raised by the pleadings.

We cannot assume on this vague testimony that Mrs. Samuels was not 15 years younger than her adoptive father. She presented a judgment of a court of competent jurisdiction of a sister state fixing her status, and binding on her adoptive parent and his heirs. 1 Am. & Eng. Ency. Law (2d Ed.) p. 736. If such a decree was repugnant to any law of this state, it was incumbent on plaintiffs to have alleged and proven the particular facts on which they relied to show that the enforcement of the decree would be violative of some provision of our Code or statutes relative to adoption.

The deceased elected to petition the court of probate in Massachusetts, where his niece resided, for a decree permitting him to adopt her as his child and heir. The decree was rendered as prayed for. It is valid in Massachusetts, and is "conclusive against all collateral attacks by parties and privies." 1 Am. & Eng. Ency. Law, supra.

The court had jurisdiction of Mrs. Samuels by reason of her domicile, and acquired jurisdiction over the adoptive father by his voluntary appearance. See Shields v. Thomas, 18 How. 259, 15 L. Ed. 368. A judgment of a state court has the same credit, validity, and effect in every other court within the United States which it has in the state where it was pronounced. Hampton v. McConnel, 3 Wheat. 234, 4 L. Ed. 378. Hence we should give effect to the decree of adoption, unless it is clearly repugnant to our laws.

Our laws on the subject of adoption are similar to those of Massachusetts. Our Civil Code does not prohibit nonresidents to adopt residents of this state, and permits the adoption of adults by decree of court. On the mere principles of comity, we see no reason why we should not give effect to the decree of the court in question, as the adverse claimants are nonresidents, five of them being citizens of the state of Massachusetts, and as the property to be distributed consists exclusively of movables.

We are not prepared to hold that the decree of adoption was an absolute nullity because the adoptive father resided in Louisiana, and therefore the court in Massachusetts was without jurisdiction. Caldwell was a childless old man, and desired to adopt his niece, a divorced woman, with two dependent children, residing in the state of Massachusetts. To accomplish this laudable purpose he was compelled to appeal to the laws and courts of his niece's domicile. He did so voluntarily, and we think that the decree concluded him and his collateral heirs. There is nothing in this adoption contrary to public policy or good morals, or repugnant to our laws of inheritance.

Judgment affirmed.