## CABRILLOS v. ANGEL et ux.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3725.

Adoption ⊂⟩2—Citizens ⊂⟩2—California statute authorizing adoption by aliens of infant citizen held not to change child's status, and constitutional.

The adoption statute of California (Civ. Code, § 221 et seq.), which permits the adoption of infants by residents of the state having certain qualifications, without requiring that they be citizens, does not change the status, as a citizen, of an infant adopted, and the fact that thereunder aliens may adopt an infant who is a citizen of the United States does not render it invalid, as abridging the privileges or immunities of citizens, in violation of the Fourteenth Amendment.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Petition by Louisa Cabrillos, on behalf of Alfonso Cabrillos, an infant, against Emillio Angel and Chonita Angel, for a writ of habeas corpus. Writ denied, and petitioner appeals. Affirmed.

F. C. Austin and R. C. Noleman, both of Los Angeles, Cal., for appellant.

George A. Hooper, of Los Angeles, Cal., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellant sought by habeas corpus to obtain the custody of her infant son. Her petition for the writ and the return thereto show that on June 17, 1919, by virtue of proceedings in the superior court of California for Los Angeles county, the infant was adopted by the appellees, who by the judgment of that court were

found to be residents of that county and state. The court below dismissed the writ.

The appellant contends that the provisions of the Civil Code of California (Civ. Code, § 221 et seq.), under which the proceedings for adoption were had, and the decree of adoption, are void, for the rea· son that the infant so adopted was and still is a citizen of the United States, and the persons who adopted him were and still are aliens, citizens of the republic of Mexico, and are about to leave the United States and take with them the said infant to Mexico, where they intend to remain. The statutes of California permit the adoption of infants by residents of the state, who possess certain qualifications. They do not confine the right of adoption to citizens. The question here presented is whether, under those statutes or by virtue of the Bill of Rights and the Fourteenth Amendment to the Constitution of the United States, the adoption of an infant citizen by aliens residing within the state of California is void.

The appellant cites decisions of the highest court of California which define the status of an adopted child, and the incidents and consequences of the relation between an adopted child and his parents, but they present no decision to the effect that resident aliens may not adopt a minor who is a citizen of the United States, or that by virtue of such adoption the minor loses his citizenship, or that a law authorizing such adoption operates to abridge the privileges or immunities of citizens of the United States. We know of no state statute which confines the right of adoption to citizens. It is generally provided that any person being a resident of the state and 21 years of age is capable of adopting a child as his own. 1 C. J. 1375. But in some states adoption by nonresidents is permitted. Woodward's Appeal, 81 Conn. 152, 70 Atl. 453; Caldwell's Succession, 114 La. 195, 38 South. 140, 108 Am. St. Rep. 341.

The judgment is affirmed.