ODOM, Justice.
 

 Plaintiffs allege that Mrs. Mattie L. Mobley died intestate on November 21, 1918, leaving neither ascendants nor descendants; that they are her sole collateral heirs and have inherited and now own all the property of which she died possessed, including certain real estate in the city of Shreveport and a tract of land in Bossier parish; that Jesse W. Mobley, the defendant, is in actual possession of said property without any title thereto and without right to remain in possession thereof; and that he refuses to yield possession to them, the lawful owners.
 

 They prayed for judgment in their favor and against the defendant recognizing and decreeing them to be the heirs of the deceased, Mrs. Mobley, and owners of the property; that they be sent into possession thereof and the said Jesse W. Mobley be ordered to render an accounting for rents and revenues.
 

 The defendant admitted in answer that he was in possession of the property and set up the defense that he was the adopted son of the deceased, Mrs. Mobley, and her husband, William J. Mobley, having been duly and legally adopted by them in the latter part of the year 1873, and that by virtue of said adoption he had inherited all the property owned by both Mr. and Mrs. Mobley at the time of their deaths, including the property described in plaintiff’s petition, the deceased having no forced heirs.
 

 The trial judge held that the defendant had been legally adopted by the deceased and that the property involved had been inherited by him. He rejected plaintiffs’ demands and ordered their suit dismissed. This appeal followed.
 

 The sole question involved is whether the defendant, Jesse Wood Mobley, was legally adopted by William J. Mobley and his wife, Mrs. Mattie L. Mobley. If he was, he inherited this property from them to the exclusion of plaintiffs, who are collateral heirs.
 

 
 *671
 
 The record discloses that on December 19, 1873, Dr. William J. Mobley and his wife, Mrs. Mattie L. Mobley, presented a petition to D. Creswell, parish judge of Caddo parish, La., representing that they desired to adopt Jesse Wood (now Jesse W. Mobley, the defendant), “an orphan minor and aged about four years, residing in said parish and unrepresented by a tutor.” They asked that a special tutor be appointed to represent said minor and prayed “that they be authorized to adopt said minor in accordance with the provisions of existing laws.”
 

 On the same day that the petition was presented to the judge he entered the following order:' “It is ordered‘that C. S. Gunter be and he is hereby appointed special tutor to represent herein the minor Jesse Wood.” The special tutor took the oath and filed answer as follows: “I consent that plaintiff be authorized to adopt said minor Jesse Wood, having full (fully) satisfied myself that he is a suitable person to take charge of and that he is above (able) to provide for said minor.” Whereupon the parish judge entered the following order:
 

 “By reason of the law and the evidence and consent of special tutor of minor Jesse Wood being in favor thereof, said minor having no other relatives present except a sister. It is ordered that William J. Mobley and his wife, Mattie Mobley, be and they are hereby authorized to adopt said minor in accordance with existing laws, and that said adoption be carried into effect and evidenced by a public act to be passed before F. A. Leonard, Notary Public, or before any notary public of Bossier. Parish.
 

 “Done and signed in chambers at Shreveport on this December 19, a. d. 1873.
 

 “D. Creswell, Parish Judge.”
 

 Immediately following the signing of this judgment, Dr. W. J. Mobley and C. S. Gunter, appointed tutor ad hoc for the minor, entered into the following notarial act df adoption:
 

 “State of Louisiana, Parish of Caddo,
 

 “Personally appeared before me, F. A. Leonard, Notary Public in and for said parish, W. J. Mobley, who declared that whereas he and his wife, Mattie L. Mobley, have been authorized to adopt the minor Jesse Wood, he by these presents declares that he had adopted said minor, in conjunction with his wife, Mattie, in accordance with the provisions of existing laws.
 

 “Also appeared C. S. Gunter, special tutor of said minor, Jesse Wood, who declared that he consents to said adoption of said minor by said W. J. Mobley and wife.
 

 “Done and signed at Shreveport on this December 19, 1873, in the presence of undersigned competent witnesses.
 

 “[S’g’d.] W. J. Mobley, M. D.
 

 “[S’g’d.] C. S. Gunter, Tutor.
 

 “Witnesses:
 

 “[S’g’d.] A. H. Leonard
 

 “[S’g’d.] F. H. Elmore
 

 “[S’g’d.] F. A. Leonard, Notary Public.”
 

 
 *673
 
 It will be noted that while Dr. Mobleydeclared in the above notarial act that whereas he and his wife had been authorized to adopt the minor, Jesse Wood, and that he had adopted said minor in conjunction with his wife, the act of adoption is not signed by his wife. Just why Mrs. Mobley did not sign this notarial act of adoption with her husband does not appear. However, it is clear that she intended to adopt the minor along with her husband, because twelve days later she and her husband appeared before a notary public in Bossier parish, before whom she signed the following notarial act of adoption, being authorized thereto by her husband:
 

 “State of Louisiana, Parish of Bossier,
 

 “This day appeared before me, L. W. Bresher, recorder and ex officio notary public of Bossier Parish, William J. Mobley and his wife, Mattie Mobley, who declare that whereas they have been authorized to adopt the minor Jesse Wood and whereas C. S. Gunter, special tutor of said minor, has signed an act of adoption recorded in Caddo Parish, signed also by said William J. Mobley, and whereas it is necessary that said Mattie L. Mobley, authorized by her husband, should also sign an act of adoption.
 

 “Therefore by these presents the parties announce that they have adopted said minor in accordance with the provisions of existing laws of Louisiana.
 

 “Done and signed in Bellvue in said parish on this the 31st day of December, a. d. 1873, in the presence of the undersigned competent witnesses.
 

 “[S’g’d.] Mattie L. Mobley
 

 “I authorize my wife to sign
 

 the above act of adoption.
 

 “[S’g’d.] William J. Mobley
 

 “Witnesses:
 

 “[S’g’d.] E. R. Moore
 

 “[S’g’d.] J. L. Biggs
 

 “[S’g’d.] L. W. Bresher, Notary,” etc.
 

 It thus appears that both William J. Mobley and his wife, Mattie L. Mobley, formally adopted by notarial acts the minor, Jesse Wood, after having been authorized to do so by the parish judge.
 

 It appears that the property involved was owned by Mrs. Mobley at the time of her death, and therefore it is the act of adoption signed by her which is especially attacked by plaintiffs. Their counsel argue that this act was fatally defective for three reasons:
 

 “(1) Because the duly qualified tutor of the minor failed to evidence his concurrence by joining in the act of adoption in question.”
 

 “(2) Because the husband and wife did not ‘concur’ in the act of adoption.”
 

 “(3) Because the act itself is not sufficient in form or declaration as an act of adoption.”
 

 It is perfectly clear that • Mr. and Mrs. Mobley intended to proceed and did proceed in the adoption of this child under the laws as they existed prior to the passage of Act No. 31 of 1872, which act
 
 *675
 
 was probably overlooked by their attorneys and by the judge.
 

 Act No. 31 of 1872 is an act entitled, “An Act Providing the Manner of Adopting Children.” This act is written in one section and contains no repealing clause, and reads as follows:
 

 “Section 1. Be it enacted by the Senate and House of Representatives of the State of Louisiana, in General Assembly convened, That any person above the age of twenty-one years shall have the right, by act to be passed before any parish recorder or notary public, to adopt any child under the age of twenty-one years; provided, that if such child shall have a parent or parents, or tutor, that the concurrence of such parent or parents or tutor shall be obtained, and/ as evidence thereof shall be required to sign said act.”
 

 In their proceedings to adopt this minor Mr. and Mrs. Mobley seem to have tracked almost literally the provisions of the laws which existed prior to the passage of Act No. 31 of 1872, which laws are incorporated in Revised Statutes, §§ 2323 to 2^28, inclusive. Under the old law, it was not necessary for either the parent or parents or the legally appointed tutor to sign the notarial act of adoption. However, it was necessary that the* judge obtain the consent of the parent ór parents or tutor before authorizing the adoption by outside parties. But the act of 1872 quoted above specifically provides that “if such child shall have a parent or parents, or tutor, that the concurrence of such parent or parents or tutor shall be obtained, and as evidence thereof shall be required to sign said act.”
 

 The child, Jesse Wood, a minor, had neither father nor mother living, nor a tutor. But in the judicial proceedings brought by Mr. and Mrs. Mobley a tutor ad hoc was appointed for him, and it is argued by counsel for plaintiffs that in as much as a tutor ad hoc had been appointed by the judge, he should have signed the act of adoption with Mr. and Mrs. Mobley. They say in their brief at page 8:
 

 “The contention of plaintiffs on this point is that the minor child in question, at the time of the execution of the alleged act, had a tutor duly qualified' by o.rder of a competent court and fhat this tutor did not comply with the provisions of existing laws by signing the act of adoption.”
 

 This contention is not well founded, because if it be said that Act No. 31 of 1872 is controlling and that the legality of the act of adoption in this case depends upon its provisions, the answer to the contention is that under that act it was not necessary that a tutor ad hoc be appointed where the child had no parent or tutor. It was so held in Succession of Dupre, 116 La. 1090, 41 So. 324, 325. It was said by this court in Succession of Vollmer, 40 La.Ann. 593,, 4 So. 254, that after the passage of the act of 1872 “judicial authority would be surplusage.” To the same effect is the case of Succession of Caldwell, 114 La. 195, 38 So. 140, 108 Am. St.Rep. 341. The appointment of a tutor ad
 
 *677
 
 hoc was “surplusage” also and wholly unnecessary. The “tutor” referred to in the act of 1872 is one under whose authority a minor, not emancipated, is placed after the dissolution of the marriage of his father and mother, the appointment being made in the manner prescribed by the Civil Code, 1870, title 8, under the general hearing, “of Minors, of Their Tutorship and Emancipation.”
 

 At the time Dr. Mobley and his wife set out to adopt this child, the child’s father and mother were both dead and he had no tutor, and for the purpose of the adoption it was not necessary under the act of 1872 that he have one. The fact that the judge did appoint one, ad hoc, which appointment was unnecessary and “surplusage,” did not make it necessary for such tutor to sign the act of adoption. The minor never had such tutor as the act of 1872 refers to.
 

 There is a second reason why counsel’s contention is not sound, and that is that if it be conceded that it was necessary for the tutor ad hoc, appointed under the circumstances above detailed, to sign the notarial act of adoption, the fact is that he did sign the act of adoption executed by Dr. Mobley, the husband, which act was complete within itself, and which act Mrs. Mobley, the wife, subsequently ratified and made her own. By referring to the act first signed by Dr. Mobley, the husband, and the tutor ad hoc, it will be noted that it recites that he and his wife, Mattie, had been authorized to adopt said minor and recites further that he had adopted said child “in conjunction with his wife.” Subsequently Mrs. Mobley appeared before a notary with her husband and signed an act which recites that both Dr. Mobley and his wife appeared before the notary and declared that they had been authorized to ' adopt said minor, and reciting further that C. S. Gunter, special tutor of said minor, had signed the act of adoption recorded in Caddo parish. That act recites further:
 

 “Therefore by these presents the parties announce that they have adopted said minor in accordance with the provisions of existing laws of Louisiana.”
 

 These two acts of adoption should be construed together because they evidence one common purpose on^ the part of the husband and his wife to adopt the minor, Jesse Wood, and we think it reasonable to assume that when Dr. Mobley and the special tutor signed the notarial act of adoption on December 19, 1873, it was not considered necessary for Mrs. Mobley to sign the act with her husband, but only necessary for the act to recite that Dr. Mobley had adopted the child in conjunction with his wife, both having been specially authorized to adopt him by the judge. Later it was considered necessary for the wife to sign an act of adoption, whereupon she signed the act of December 31, 1873, her intent being to adopt as her own the act which had been previously signed by her husband and the tutor ad hoc.
 

 Our conclusion is that, whether the legality of this adoption be tested by the provisions of either the old or the new law, it is valid.
 

 
 *679
 
 The second objection is that the husband and wife did not concur in the act of adoption. The fourth paragraph of article 214 of the Civil Code of 1870 provides that “married persons, must concur in adopting a child. One of them can not adopt without the consent of the other.”
 

 This objection is, like the first, without merit. The husband and the wife did concur in adopting this child. They made a joint application to the judge for authorization to adopt him. In the notarial act of adoption signed by Dr. Mobley, the husband, he declared that he had adopted the child “in conjunction with his wife.” Later on both Dr. Mobley and. his wife appeared before a recorder and declared that “by these presents the parties announce that they have adopted said minor in accordance with the provisions of existing laws of Louisiana.” This act is signed by Mrs. Mobley with the special authorization of her husband, who also signed; All this shows conclusively that the husband and wife did concur in the adoption of this child; that each had the consent of the other to do so.
 

 Counsel for appellant cite Brand v. Mornhinveg, 153 La. 195, 95 So. 603, Succession of Pizati, 141 La. 645, 75 So. 498, and Succession of Dupre, supra, in support of the general proposition that adoption being a creature of the law, “it necessarily follows that to establish the relation the statutory conditions must be strictly performed.”
 

 We adhere to our previous ruling to this effect and hold that the “statutory conditions” were performed in this case. There were present all through these proceedings a union of action, a meeting of the minds, agreement in opinion, joint approbation, consent between this husband and wife concerning one common object, viz., the adoption of the child, Jesse Wood. See definitions of “concur” and “concurrent” in Webster’s New International Dictionary, 1935.
 

 The third contention is that the' act of adoption “is not sufficient in its form or declaration as an act of adoption.”
 

 We think it 'is. The notarial act refers to the authorization granted by the judge, and recites that the parties adopted the child according to the provisions of the laws of Louisiana.
 

 For the reasons assigned, the judgment appealed from is affirmed at plaintiffs’ costs in both courts.
 

 LAND, J., recused.