[Crim. No. 1511.   Third Appellate District.—July 16, 1936.]

In the Matter of the Application of ESTELLE SPIERS on Behalf of MARY SPIERS for a Writ of Habeas Corpus.

H. B. Churchill and Lovett K. Fraser for Petitioner.

Burt W. Busch, District Attorney, for Respondent.

PLUMMER, J.—On the 12th day of June, 1935, a petition was filed in the Juvenile Court of the County of Lake, praying that Mary Spiers be adjudged a ward of the juvenile court. This petition alleged that Mary Spiers was a minor of the age of fourteen years, and that she was a person who came within the provisions of subdivisions 2 and 10 of section 1 of the Juvenile Court Law of the state of California; that the said Mary Spiers had been kept out of school for the better part of two years, by her mother, without justification; that the said Mary Spiers was allowed to attend public dances, and to remain out on the street unattended until late hours of the night. The name and residence of the mother of Mary Spiers was set forth in the petition. The petition prayed for a time of hearing, and that notice and citation be issued and served upon the mother of said ward. No mention is made in the petition as to whether said ward had or had not a father living. No mention is made in the petition as to whether the mother was or was not, or is, or is not capable of caring for and managing said minor.

Thereafter, and on the 18th day of June, 1935, an amended petition was filed in the matter of said cause in which it was alleged that Mary Spiers was a minor of the age of only twelve years, and that she was a person who came within the provisions of subdivisions 10 and 11, section 1, of the Juvenile Court Law. The remainder of the amended petition is practically the same as the original petition, save that it alleges that the said minor is in danger of leading an idle and dissolute life. It does not appear that any citation was issued to the mother notifying her of the time of the hearing of said petition. The record shows that the hearing was had on the same day that the amended petition was filed. There is nothing in the record showing that the mother was present at the hearing on the 18th day of June, 1935, nor is there any minute order in the record reciting that the mother was present, or that she had waived service of citation, as required by section 4 of the Juvenile Court Law. The order of the

court is silent on the question of service of notice. The order of the court likewise fails to set forth that said minor has no person capable of taking care of her, or of managing or controlling said minor.

The recital of the judgment is that Mary Spiers is of the age of twelve years; that she is a person coming within the provisions of subdivisions 2, 10 and 11 of section 1 of the Juvenile Court Law. Section 2 of the Juvenile Court Law reads: "who has no parent or guardian, or who has no parent or guardian willing to exercise, or capable of exercising proper parental control; or who has no parent or guardian actually exercising such proper parental control, and who is in need of such control". This subdivision is connected with subdivision 3 with the word "or".

The order of the court then purports to place the custody of said minor in the person of D. F. McIntire, the probation officer of the county of Lake. There must be a finding of fact requisite to an order depriving a parent of the custody of a minor child. (*In re Pierce,* 127 Cal. App. 773 [16 Pac. (2d) 765].) In California Jurisprudence Supplement, volume 6, page 467, we find the following language: "Under section 9b of the Juvenile Court Law, in order that a Juvenile Court may deprive the parent of custody of a minor child, it is necessary for the court to find existing facts which bring the minor, or its parents, within the terms of the section; a mere adjudication by the court that a minor is a ward of the court, without such a finding, is insufficient to deprive the parents of custody of the child. (*Ex parte Edwards,* 208 Cal. 725 [284 Pac. 916].)" The court did not make a finding that the welfare of the minor demanded that her custody be taken from the mother and placed in that of the probation officer, as was the case in *Ex parte Daedler,* 194 Cal. 320 [228 Pac. 467].

From the briefs in this case it is apparently conceded that no citation was served upon the mother advising her of the hearing which was had on the 18th day of June, 1935.

In the case of *Sinquefield* v. *Valentine,* 159 Miss. 144 [132 So. 81, 76 A. L. R. 238], the syllabus of that case reads: "Before a parent can be deprived of the custody of his minor child there must be a hearing before a court of competent jurisdiction, in which he has been served with process, or entered an appearance, and no court has a right to deprive

him of the custody, or to adjudge him to be unfit for such custody without an opportunity for him to appear and be heard. To do so would be to deprive him of his legal rights without due process of law.'' To this case there is appended a long list of notes, beginning on page 242. These cases practically all hold that the language just quoted correctly states the law. Among the cases we find supporting this principle is that of *Ex parte Becknell,* 119 Cal. 496 [51 Pac. 692] ; *In re Hill,* 78 Cal. App. 23 [247 Pac. 591].

Section 4 of the Juvenile Court Law, *supra,* requires that whenever a petition asking that any minor be adjudged a ward of the court, that a citation shall issue notifying the parent, and service of citation *must* be served at least twenty-four hours before the time stated therein for such appearance.

■ We may state further that a recitation of the judgment that a minor comes within the provisions of subdivision 2 of section 1 of the Juvenile Court Law, which contains several specifications, is not a statement of facts. It is simply recital.

■ The objection that no investigation was made by the probation officer before the filing of the petition, does not seem to be meritorious. The provision of section 3 of the Juvenile Court Law requiring such an investigation would appear to relate only when the petition is filed by other than the probation officer. ■ Likewise, in this case, the objection that the petition is not filed by a probation officer is without merit. It is advanced on the theory that the petition does not allege that the person filing the petition is the probation officer, but the court will take judicial knowledge of its own officers, and if the statute relating to appointment of a probation officer for the county of Lake makes him a county officer, then and in that case the language found in 23 C. J. 98 is applicable where it states that courts will take judicial knowledge of county officers.

■ Likewise, the objection urged that no report was filed as provided by section 20 of the Juvenile Court Law does not affect the jurisdiction of the court. It relates specifically to the duties of the probation officer. From what we have said, however, it is evident that the court had no jurisdiction to place the custody of Mary Spiers in D. F. McIntire as a probation officer of the county of Lake.

On the 18th day of April, 1936, J. C. Anton, a probation officer of the county of Lake, filed in the same cause a petition asking that Mary Spiers be adjudged a ward of the juvenile court. This petition sets forth that Mary Spiers has failed, neglected and refused to obey the orders and directions of the probation or other officer of the county of Lake, as required by the order of the court made on the 18th day of June, 1935.

■ By reason of what we have said, it is evident that Mary Spiers was under neither legal nor moral obligation to obey any of such orders, by reason of the fact that such order was and is void. This petition does set forth that Mary Spiers habitually smoked cigarettes and is addicted to the use thereof, and that the person having the custody or control of said Mary Spiers is the probation officer of the county of Lake. There is nothing in the Anton petition showing that Mary Spiers has no parent, guardian or other person capable of exercising parental control over said minor.

Though insufficient as against a demurrer, the petitions to which we have referred are sufficient to give the court jurisdiction, had proper proceedings been taken thereafter to notify the mother of said minor, and also to support a judgment.

■ The Anton petition, of course, being based upon a void proceeding and being insufficient in all its other particulars, we think did not give the court jurisdiction to proceed. The order of the court, based upon the Anton petition, does contain the following recital: ''The said Mary Spiers being personally present in court, and her mother, Estelle Spiers, being also present at said hearing and due proof being made to the satisfaction of the court, and the court finding as a fact that notice of the filing and hearing of said petition has been given in all respects as required by said act;'' This order of the court, as set forth in the petition for the writ therein, omits the following language ''and her mother, Estelle Spiers, being also present at said hearing''. It was stipulated in open court that the petition should be considered as a traverse of the return, which of course leaves undetermined whether the mother of the minor was or was not present in court. Nothing else appearing, the recital of the court that due notice had been given to all persons entitled thereto would necessitate a holding that citation had been

issued and properly served. Upon this question the return, as well as the petition, is silent.

The order of the court made upon the Anton petition contained the following: ''The court further finds that the welfare of said Mary Spiers requires her custody to be taken from her parent, Estelle Spiers, her mother, and that she be placed in the care, custody and control of the probation officer of Lake County, to be by him placed in the Ursuline Academy at St. Helena, Napa County, State of California, or in some other school or Home he shall determine to be fit and proper, subject to the visitation of the probation officer.''

The language of section 8 of the Juvenile Court Law, *supra,* relative to commitments, reads: ''The court may make an order committing a ward . . . to the home and care of some reputable person of good moral character, or to the care of some Association or Society or Corporation embracing within its objects the purposes of caring for, of obtaining homes for such persons willing and able to receive and care for said ward, or to the care of the probation officer, to be boarded out or placed in some suitable family home, in case probation is made by voluntary contribution, or otherwise, for the payment of the board of said ward, until suitable provision may be made for said ward in a home without such payment. Said ward to be subject to the supervision of the probation officer, and the further order of the court. Or, on probation, to the care of the probation officer, said ward to remain in the home of said ward, or in any other fit home in which the court may order the probation officer to place said ward,'' etc. This language does not authorize the probation officer to determine the fitness of the home or place to which the court may commit a minor after adjudging the minor a ward of the court. It is the duty of the court to determine the place under this language of the section after proper proof has been made satisfying the court that the place to which the ward is being committed is a fit and proper one.

While from the recitals contained in the petitions herein referred to, and the orders of the court, it would appear that just cause existed for adjudging Mary Spiers a ward of the court, yet by reason of the failure to comply with the various provisions of the Juvenile Court Law, *supra,* jurisdiction

was not acquired to take the custody of Mary Spiers away from her mother.

It follows, therefore, that the petition for a writ of *habeas corpus* in behalf of the minor, Mary Spiers, must be, and the same is, hereby granted.

Pullen, P. J., and Thompson, J., concurred.