FOURNET, Chief Justice.
 

 This is an appeal by the defendant, Leo Howell Huhn, from a judgment rendered in a habeas corpus proceeding instituted in the Ninth Judicial District Court, Parish of Rapides, by his former wife, Mrs. Helen Earline Skelton Huhn, wherein the Court gave full faith and credit to a judgment of the Juvenile and Domestic Relations Court for Knox County, Tennessee, dated September 25, 1952, awarding to her the custody of the minors, Howard Dennis Huhn and Caroline Earline Huhn, “whenever she is able to locate-them.” Pending the further orders of the Louisiana court, the children were placed in the care and keeping of the Juvenile Officer of Rapides Parish.
 

 
 *594
 
 According to the record, the plaintiff and defendant were married in September, 1945. Of this marriage there was born one child, Caroline Earline Huhn, 'now six years of age; it also appears that the other child involved, Howard Dennis Wheat (also known as Howard Dennis Huhn), aged eight years, is the illegitimate child of the couple. In a divorce proceeding filed by the wife in the Juvenile and Domestic Relations Court of Knox County, Tennessee, in which the husband reconvened, judgment was rendered on July 14, 1951, dismissing the wife’s suit and granting to the husband the divorce, with
 
 “exclusive
 
 care, custody and control of the minor children of the parties * * ” In the judgment, however, the plaintiff here was “granted the
 
 privilege”
 
 of having the children visit her in her home, specifically on week-ends between certain hours from Saturday until Monday. (Emphasis supplied.) Both parties were enjoined from taking the children out of the jurisdiction of the Court.
 

 Shortly after judgment was rendered it appears that the husband returned to Louisiana, his former home, and the children followed. The wife, continuing to reside in Tennessee, subsequently applied to the Juvenile and Domestic Relations Court for Knox County in the same cause; judgment “pro confesso” was secured by her, and on September 25, 1952, the Court signed a judgment styled “Order Modifying Final Decree,” which contained an injunction against the defendants named therein, Leo Huhn and Nora Huhn, from molesting her (the wife), from interfering with her Custody of the minors, and from obstructing her in securing custody of said children, and the further order “that the said minor children be placed with the petitioner whenever she is able to locate them.” The judgment also found Leo Howell Huhn “in contempt of this .Court by his wilful and malicious failure to comply with the orders of this Court, respecting the custody of said minor children,” and ordered him to pay the sum of $250.attorney’s fees.
 

 On the 2nd of July, 1953, Mrs. Huhn, on the basis of the latter judgment, instituted habeas corpus proceedings in the District Court for the Parish of Rapides, where Huhn .was living with the children, seeking to recover their custody. ■ On the return day the defendant filed an exception of no cause of action and a plea of res judicata, the basis of the former being that the judgment annexed to the petition revealed that the foreign court did not-have jurisdiction of either the defendant or of the subject matter, and the basis of the latter being the original Tennessee decree of July 14, 1951. These defenses are in effect reiterated in the answer (filed with reservation of defendant’s rights under the exceptions), namely, that the modifying decree is null and not entitled to full faith and credit because obtained in fraud, and in contravention of the due process clause of the Constitution, in that the defendant was neither served nor given any. notice of
 
 *596
 
 the proceeding in spite of the fact that the Tennessee court had been previously informed by him of his whereabouts by registered mail; whereas the first decree, rendered after full hearing, with all parties before the court, is entitled to full faith and credit. In reconvention defendant sought to have the children awarded to him, claiming that his former wife is an unfit person to have' their custody for certain stated reasons (which, if true, would be good cause for denying to her custody of the children). The Court, giving full faith and credit to the modified decree of September 25, 1952, apparently declined to hear any evidence on the «conventional-demand. The defendant appealed.
 

 , The plaintiff contends that jurisdiction which has once attached is not defeated by removal, of persons beyond the jurisdiction of the court; that in such case, constructive service is valid .upon an absentee; that judicial decrees rendered pursuant thereto are entitled to full faith and credit in every other state; and that where children have been removed to this State in contravention of an order of a foreign court, the courts of this State are without jurisdiction to make an award of custody.
 

 On the other hand, it is the contention of the defendant that the judgment rendered by the court of a sister state is not entitled to full faith and credit where it is not a final judgment under the laws of the state where rendered, and he cites authorities to show that under the laws of Tennessee a judgment awarding the permanent care and custody of a minor is not a final judgment; he submits that the courts of Louisiana, having an interest in the welfare of the child, have the right to determine custody when the child is found within this state, and where it is shown that the mother is not a proper person for that trust she will be denied it; that, in any event, a decree from a sister state is.subject to inquiry and attack in the courts of the state where invoked.
 

 Under the full faith and credit clause of the Constitution of the United States, Article IV, § 1, and the Federal státutes enacted pursuant thereto, Act of May 26,’ 1790, c. 11, as amended, Rev.Stat. § 905, 28 U.S.C.A. § 1738, the rule has been generally stated that the judgment of a court of one state, when pleaded or introduced in evidence in another state, is entitled to receive the same faith and credit that is •accorded to it in the state where rendered’ see 50 C.J.S., Verbo Judgments, § 889 b, p. 473, and numerous cases cited under n. 73. A more restricted application of the full faith and credit clause.is found in the later case of Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366, wherein full faith and credit is said to operate only with respect to judgments of courts whose jurisdiction is not impeached, either as to subject matter or person. With particular reference to recognition of custody awards in other jurisdictions, and the extraterrito
 
 *598
 
 rial effect to be accorded them, an examination of the cases reveals wide disagreement. In some instances, because of the fact that such awards are almost universally subject to modification, courts have held that they do not possess the characteristic of finality required of a foreign judgment in order to be entitled to full faith and credit, see 50 C.J.S., Verbo Judgments, § 889 c (3): p. 478; Titcomb v. Superior Ct. of Santa Clara County, 220 Cal. 34, 29 P.2d 206; Warren v. Warren, 127 Cal.App. 231, 15 P.2d 556; Anthony v. Tarpley, 45 Cal.App. 72, 187 P. 779; Calkins v. Calkins, 217 Ala. 378, 115 So. 866; Weston v. Weston, 177 La. 305, 148 So. 241; while in other instances the view is entertained that such awards (made by a court having jurisdiction), though final and conclusive as to the right to custody under the conditions existing at the time of such award, are not res judicata as to facts and circumstances which have since arisen; consequently the courts of a state wherein the children are found have the right to determine their custody whenever the interests or welfare of the children are involved, see 17 Am.Jur. 521, Verbo Divorce and Separation, Sec. 688, and cases cited under note 22; annotations in 20 A.L.R. 817, 72 A.L.R. 444, 116 A.L.R. 1302; Restatement, Conflict of Laws, Sec. 147, comment a; and State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88.
 

 In the Girtman case, supra, as in the case under consideration, the trial judge entertained the same views as held by the lower court in this case, i.e., that the courts of this state are without power to determine conflicting claims as to the custody of a child present in the state, since this is the prerogative of the court which rendered the original decree — and declined to hear testimony ; we refused to follow that doctrine, and instead found applicable the views of the United States Supreme Court in State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, the leading case on the issue presented. We quoted therefrom the pertinent observation that “ ‘So far as the Full Faith and Credit Clause is concerned, what Florida could do in modifying the decree, New York may do. * * * a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. *' * * If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause. * * * Whatever may be the authority of a State to undermine a judgment of a sister State on grounds not cognizable in the State where the judgment was rendered, * * * it is clear that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.’ ” 221 La. at pages 705-707, 60 So.2d at page 93.
 

 
 *600
 
 'Counsel for plaintiff contends, however, that since the foreign judgment in the Girt-man case contained no .injunction against removing the child from the state of Florida, the rule therein expressed is inapplicable here, in view of defendant’s violation of the provision contained in the divorce decree that “both of the parties hereto are strictly and permanently enjoined from taking these children out of the jurisdiction of this Court without further orders of the Court.”
 

 A review of the jurisprudence of other states reveals a lack of uniformity of decision in cases which are concerned with violation of an order enjoining removal of the child from the state. Instances may be found in which modification of custodial provisions following violation of injunction against removal have been honored in a foreign court notwithstanding the absence of the child and its custodian from the jurisdiction of the court in which the modified award was rendered. See annotation in 4 A.L.R.2d at page 95; cf. 70 A.L.R. 527-528. The later cases, however, agree that there is a lack of power in the court to enter a modified decree which will have any effect beyond the borders of the state of its rendition if, either generally or with regard to the child, the court was without jurisdiction, see annotation, 4 A.L.R.2d at page 69 et seq.; Friendly v. Friendly, 137 Or. 180, 2 P.2d 1; In re Erving, 109 N.J.Eq. 294, 157 A. 161; annotation, 160 A.L.R. 400, at page 403 et seq.; and it has been generally held that proper notice to the adverse party and an opportunity to be heard are required, see 17 Am.Jur. 519, Verbo Divorce and Separation, Sec. 685; annotation, 76 A.L.R. 242 et seq., particularly p. 253 and citations under subtitle “Modification of order, judgment, or decree of divorce as to custody of children”; People ex rel. Wagner v. Torrence, 94 Colo. 47, 27 P.2d 1038; Ex parte White, 245 Ala. 212, 16 So.2d 500; Titcomb v. Superior Court of Santa Clara County, 220 Cal. 34, 29 P.2d 206; McGuire v. Superior Court of Los Angeles County, 137 Cal.App. 272, 30 P.2d 61; In re Spiers, 15 Cal.App.2d 487, 59 P.2d 838; Hodgen v. Byrne, 105 Colo. 410, 98 P.2d 1000.
 

 For the reasons assigned, the judgment appealed from is annulled and set aside; the defendant’s exception of no cause of action is maintained, and the plaintiff’s suit dismissed at her cost.