71 So.2d 326

FRANCIS v. CARPENTER.

No. 41231.

Feb. 15, 1954.

Rehearing Denied March 22, 1954.

Robert G. Hughes, New Orleans, for plaintiff-appellant.

Harry R. Cabral, Lewis R. Graham, New Orleans, for defendant-appellee.

PONDER, Justice.

In this suit the plaintiff, Mrs. Blanche R. Francis, seeks the recognition of a judgment rendered in the Circuit Court of Panama on December 4, 1942, wherein she was awarded the custody of her minor children and the defendant, Richard N. Carpenter, was condemned to pay alimony to her for the support of the children, and she prays for future alimony in the sum of $100 per month from the date of judicial demand for the support of the minor child, David Carpenter. The defendant in his answer admits the validity of the judgment insofar as it granted a divorce but denies that he has any obligation to pay alimony for the support of the child under the Panamanian decree. On trial the district court rejected the plaintiff's demands and awarded the custody of the minor child to the defendant. The plaintiff has appealed.

The plaintiff and the defendant were married in Maine some time in 1930 and three children were born of the marriage. In 1942 the plaintiff was awarded a judgment of divorce in the First Circuit Court, Republic of Panama, and custody of the children. The defendant was condemned to pay to the plaintiff One Hundred Balboas monthly for the support of the children.

It appears from the record and the admissions in the briefs filed herein, that the defendant and the children were outside of the jurisdiction of the Panama court when the decree of custody and alimony was rendered and that they have lived continuously outside of the jurisdiction of that court. The children lived with the defendant until July 14, 1951 when David Carpenter, aged seventeen, left his father's domicile in the City of New Orleans and went to live with the plaintiff at her legal domicile in Virginia.

The plaintiff does not ask this Court to award her the custody of the child but is relying on the Panama decree of custody. The defense to the suit is to the effect that the children have continuously resided with the father who has supported and educated them and that he is willing and able to continue to do so. There is no reconventional demand contained in the answer asking this Court to award the custody of the minor child, David, to the father.

The plaintiff's right to recover alimony from the defendant for the support of the minor depends on the validity of the Panama decree awarding her the custody of the child. The record discloses and it is admitted by both parties that the defendant was cited by publication, that there was no personal service on the defendant and that 'the defendant and the children were not in the jurisdiction of the court at the time the judgment was rendered.

The generally accepted rule is that a divorce decree founded merely upon constructive service is of no extra-territorial effect insofar as concerns the custody of children, who, at the time of the rendition of the decree, were not residents of the state. See 17 Am.Jur. 524, Verbo Divorce and Separation, § 688. Under the annotation in 116 A.L.R. at page 1304 where a similar situation is discussed it is stated:

"And in Warren v. Warren, 1932, 127 Cal.App. 231, 15 P.2d 556, where the facts, as found by the trial court, were that the defendant had gone to Nevada and upon a simulated residence obtained, through constructive service, a decree of divorce awarding her the custody of minor children, who at the time of the commencement of the action and at all subsequent times were actually in the State of California with their father, it was held that the Nevada decree, * * * as concerned custody * * *, was utterly void and without effect in California."

In the recent case of State ex rel. Huhn v. Huhn, La.Sup., 70 So.2d 391, 393, this Court said, quoting from State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 that " 'a judgment has no constitutional claim to a more conclusive or final effect in the State of the forum than it has in the State where rendered. * * * If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause.' " See also State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88.

Under the pleadings in this case the Court was not called upon to award the custody of the child and the parties are not precluded from having this matter determined in the proper proceedings.

For the reasons assigned, the judgment of the district court is reversed insofar as

it awards the custody of the minor child, David Carpenter, to the defendant, and the suit is hereby dismissed at appellant's cost.