JOHN S. PICKETT, Judge ad hoc.
October 4, 1961, William B. Acken-hausen petitioned the Juvenile Court for the Parish of Jefferson to adopt Rick Edward Trascher, born October 10, 1953, and Toni Curtis Trascher, born February 18, 1956, issue of the marriage of Edward John Trascher, Jr., and Martha Elena Blake Trascher.
The applicant for adoption alleges he is the husband of Martha Elena Blake Trascher, who was granted a divorce from *38 Edward John Trascher, Jr., September 18, 1957, in Clark County, Nevada, in which proceedings, the mother was granted the care, custody, and control of her said minor children, in accordance with an agreement entered into between the parties September 10, 1957, which included the right of reasonable visitation to the father, and provided that the father should pay the sum of $60.00 per month alimony for each of said minors, for their maintenance and support. Petitioner further alleged that the said minor children had resided continuously in his home since his marriage to their mother, March 7, 1959, during which time he has supported and maintained them with all the necessities of life.
Edward John Trascher, Jr., appeared and opposed the adoption. The case was tried, and the trial court granted the adoption to petitioner, William B. Acken-hausen. Trascher has appealed from the adverse judgment.
Counsel for Trascher, the appellant, insists that in this case the consent of both natural parents must be given in order that the children may be adopted. On the other hand, opposing counsel contends that the facts in this case are such that the consent of the father is unnecessary, because of the provisions of LSA-R.S. 9:422.1, which provides:
“If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the following conditions exist: (1) The spouse of the petitioner or the grandparent or grandparents have been granted custody of the child by a court of competent jurisdiction and (2) The other parent has refused or failed to comply with a court order of support for a period of one year or more.”
It is well recognized in the jurisprudence of this State that an adoption is a creature of the statutory law, and in order to establish such a relation, the statutory requirements must be strictly carried out. The Supreme Court of Louisiana in Green et ux. v. Paul, 212 La. 337, 31 So.2d 819, said:
“While adoption is a practice of great antiquity, having been known to the Egyptians, Babylonians, Assyrians, Greeks and ancient Germans and having been recognized in the civil law before the time of Justinian, there is no adoption at common law and, in the United States, it exists only by statute (2 C.J.S. Adoption of Children § 2, p. 370). It has been firmly settled by this court that adoption is a creature of statute; that, this being so, it is only what the law makes it and that, to establish the relation, the statutory requirements must be strictly carried out, otherwise, the adoption is an absolute nullity. See Succession of Pizzati, 141 La. 645, 75 So. 498; In re Brands’ Estate, 153 La. 195, 95 So. 603; Succession of Brand et ux., 162 La. 880, 111 So. 267; State ex rel. Monroe et ux. v. Ford, 164 La. 149, 113 So. 798; Hardy v. Mobley, 183 La. 668, 164 So. 621 and Owles v. Jackson, 199 La. 940, 7 So.2d 192.”
The appellee in his petition alleged a factual situation which, if true, would entitle him to adopt the children he sought to adopt. It is not disputed that appellee’s spouse is the legitimate mother of the children sought to be adopted; and that said children have resided in the home of the appellee for a period in excess of six months prior to the filing of the petition for adoption
There only remains for the consideration whether (1) the custody of said minor children was with Mrs. Ackenhausen; and (2) appellant, Edward John Trascher, Jr., refused or failed to comply with the judgment of the Nevada Court ordering him to pay alimony for said minors, within the meaning of LSA-R.S. 9:422.1.
*39 Counsel for appellant insists the word “custody” as used in the above cited statute, in order to make the consent of the non-custody parent unnecessary in the adoption proceeding, must be of such an absolute and unconditional nature, that the non-custody parent’s rights in the children are completely extinguished. He first contends that by a modification of the original custody judgment of the Nevada Court, appellant was granted additional rights of visitation which included the right to have the custody of the children for one month of each year, during summer vacation; and that the original judgment as modified was the equivalent of divided custody. Appellant instituted a proceeding in Jefferson Parish to have the original custody judgment recognized and enforced in Louisiana; but at the time of the trial of this case his suit had not been tried. The modified custody judgment having been obtained in the Nevada Court, while Mrs. Ackenhausen and her children were domiciled and residing in the State of Louisiana, could not be accorded full faith and credit in Louisiana. A Court cannot modify its decree where it has no jurisdiction of the parties. The Louisiana Supreme Court had a somewhat similar situation under consideration in State ex rel. Huhn v. Huhn, 224 La. 591, 70 So.2d 391, and in that connection quoted with approval from the opinion of the United States Supreme Court in State of New York, ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, as follows:
“If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause.”
But counsel insists that if the modified custody decree of the Nevada Court is not recognized, the visitation privileges included in the original Nevada divorce judgment, gave appellant rights in the custody of his children that renders his consent to their adoption necessary. In support of that contention appellant cites Downey v. Downey, 183 La. 424, 164 So. 160. In the Downey case the Louisiana Supreme Court had before it for consideration a motion to dismiss an appeal and the issue involved the right of appeal from an order of the District Court concerning visitation rights. The Court observed that the Louisiana Constitution, art. 7, § 10, provided that it “shall have appellate jurisdiction of all suits * * * involving the tutorship of minors * * * or custody of children;” and being of the opinion that the judgment appealed from involved the custody of minor children, denied the motion to dismiss the devolutive appeal. We do not agree that the Downey case is authority to conclude that visitation rights, reserved to the non-custody parent, will have the effect of depriving the word “custody” as used in LSA-R.S. 9:422.1 of any significance, except in cases where the non-custody parent is deprived completely of visitation rights because of some misconduct. To give the word “custody” the meaning urged by able counsel for appellant would be to render almost ineffective the provisions of LSA-R.S. 9:422.1. It is only in exceptional circumstances that the right of visitation is denied the unsuccessful parent in a child custody award. Under normal circumstances when the court awards the custody of a child to one of the parents, provisions are made to permit the parent deprived of custody the right to visit with the child. The usual procedure and provisions in such cases are stated in 67 C.J.S. Verbo Parent and Child § 13, page 683, as follows:
“It is proper that the court should qualify its award by such limitations and restrictions as may seem expedient to preserve the natural rights of the unsuccessful parent, if this can be done without jeopardizing the welfare of the children, and a decree awarding one parent or a third person the custody of a child should, under normal circumstances, include a provision permitting the parent deprived *40 of, the custody to visit with the child under such conditions and in such manner as the circumstances may warrant; and only under exceptional circumstances should that right be totally denied.”
It is well established in our jurisprudence that words of a statute capable of two meanings, one of which will destroy the statute and the other which would effect the manifest intention of the legislature, should be given the latter construction. The Supreme Court, in Dore v. Tugwell, 228 La. 807, 84 So.2d 199, said:
“The object of the court in construing a statute is to ascertain the legislative intent and, where a literal interpretation would produce absurd consequences, the latter must give way to the spirit of the law and the statute construed so as to produce a reasonable result. Bradford v. Louisiana Public Service Commission, 189 La. 327, 179 So. 442. See also City of Shreveport v. Gregory, 186 La. 407, 172 So. 435.”
The Court in the Dore v. Tugwell case, supra, quoted from Sutherland “Statutory Construction,” 3rd Ed., Vol. 2, Section 4703, as follows:
“ ‘A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently each part or section should be construed in connection with every other part or section so as to produce a harmonious whole.’ ”
In the cases cited by appellant it appears that some fault or misconduct on the part of the parent was necessary in order to dispense with the requirement that his consent be obtained to the adoption of his children by another. The fault requirement in LSA-R.S. 9:422.1 is not in the loss of custody but in the provision that there be a refusal or failure on the part of the parent deprived of custody to comply with the court order of support.
Taking into consideration the obvious purpose of LSA-R.S. 9:422.1, we find that appellee’s spouse had the custody of the children sought to be adopted, within the meaning of said statute.
The remaining question to be determined is whether appellant, Edward John Trascher, Jr., has refused or failed to comply with the Nevada Court order to support his minor children for a period of one year. The evidence on this phase of the case is rather extensive. The appellant, in effect, admitted that he had not complied with the support order to the extent of paying the full amount in money specified in the order, by attempting to excuse himself for the failure on the grounds that he was unemployed the greater portion of the year, and hence unable to make the alimony payments. He also attempted to justify his failure to comply with the support order by showing that he had given the children numerous valuable gifts which were as important as the money payments, and for which he should have credit.
The trial court found as a fact that appellant was approximately $1,000.00 in arrears of his payments for the support of his children; and concluded that, “Edward John Trascher, Jr., failed and neglected to abide by the judgment of the Courts of Nevada toward the support and maintenance of said children.” We have carefully reviewed the record and find that no useful purpose would be served by indulging in a protracted discussion of the evidence relating to appellant’s compliance with the Nevada Court support order. Suffice it to say we find no manifest error in the conclusion of the trial judge, who had the added advantage of reaching a factual determination based on the credibility of the witnesses.
It is well established in our jurisprudence that findings of fact by the trial judge will not be disturbed on appeal in the absence of manifest error. Babineaux v. Viator, La.App., 127 So.2d 204; *41 Andrews v. Carber, La.App., 128 So.2d 460; Hernandez v. State Farm Mutual Auto Ins. Co., La.App., 128 So.2d 833; Ruhlman v. Fremin, La.App., 135 So.2d 113.
We are of the opinion that the appellee has complied with all the requirements enunciated by the pertinent adoption statutes of this State, and that the judgment of the lower court is correct.
For the reasons assigned, the judgment appealed from is affirmed; all costs in both courts to be paid by appellant.
Affirmed.