180 So.2d 72 (1965)
Mrs. Barbara Dow McGee NOWLIN, Plaintiff-Appellant,
v.
Henry Wayne McGEE, Defendant-Appellee.
No. 10428.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1965.
Rehearing Denied October 28, 1965.
Writ Refused December 13, 1965.
Love, Rigby & Donovan, Shreveport, for appellant.
Cook, Clark, Egan, Yancey & King, Shreveport, for appellee.
BOLIN, Judge.
Mrs. Nowlin, formerly Mrs. McGee, obtained a judgment of divorce and the custody of the minor children in Caddo Parish on October 20, 1961. At that time all parties were residents of Caddo Parish. The judgment is silent as to visitation rights of the father. Mrs. McGee, since remarried, established a domicile in Houston, Texas, where she and the children have resided continuously since the divorce.
On December 11, 1964, Mr. McGee instituted the present action by way of summary process in Caddo Parish seeking to have that court fix visitation privileges with his children. He alleges he has been restricted to visiting his children in the home of his former wife and her second husband and under their supervision.
A curator ad hoc was appointed through whom service was made on Mrs. Nowlin. To this petition relatrix filed a declinatory exception under Article 925 of the Louisiana Code of Civil Procedure, alleging *73 that she and the minors were not physically present in the state but were residing and domiciled in Houston, Texas. In her exception she contends the Louisiana court lacked jurisdiction over the persons and the subject matter. The lower court overruled the exception and we granted certiorari.
It is conceded Mrs. Nowlin and the minor children are nonresidents of Louisiana. In addition we find the domicile of the mother to be in Texas. Since the minor children live with her pursuant to the custody award, their domicile is with their mother. See Louisiana Civil Code Article 39; Person v. Person, 172 La. 740, 135 So. 225 (1931); Graves v. Graves (La.App. 2 Cir., 1960) 122 So.2d 350; Leflar, Conflict of Laws, (1959) Sec. 12.
The sole issue is: does the Caddo Parish District Court have jurisdiction to modify its previous custody judgment when both the minor children and the parent, who has actual and legal custody, are nonresidents of and domiciled in another state, and the parent has been served only by substituted service?
While the precise question appears to be res nova in Louisiana, an examination of the codal authority and jurisprudence established in related and similar situations leads us to conclude the District Court of Caddo Parish is without jurisdiction.
Louisiana Code of Civil Procedure Article 10 provides:
"A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
* * * * * *
(5) A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state; * * *." (Emphasis added.)
Plaintiff in rule urges that since the Louisiana court originally had jurisdiction of all the parties in the divorce proceeding such jurisdiction continues for determination of all incidental matters. He likewise contends that Mrs. Nowlin's continued receipt of support payments, made pursuant to the order of the Louisiana court, should preclude her from contending that her removal of herself and the children defeats the jurisdiction of the Louisiana court to modify the custody orders.
Numerous cases are cited in support of the theory that Louisiana has continuing jurisdiction over all matters incidental to the divorce proceedings. See Lukianoff v. Lukianoff, 166 La. 219, 116 So. 890 (1928); Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Graves v. Graves (La.App. 2 Cir., 1960) 122 So.2d 350; Blackburn v. Blackburn (La.App. 2 Cir., 1964); 168 So.2d 898; Wheeler v. Wheeler, 184 La. 689, 167 So. 191 (1936). Examination of these authorities convinces us there are distinguishing features in each of the cited cases.
The contrary position adopted by relatrix is that once the final divorce was rendered and she was awarded custody of her children she was at liberty to change her domicile and that of the children to Texas and that thenceforth the Louisiana court is without jurisdiction to change or modify the custody order. This contention is in accord with the decisions of the Louisiana Supreme Court in State ex rel. Huhn v. Huhn, 224 La. 591, 70 So.2d 391 (1954); and with that in In re Ackenhausen (La. App. 4 Cir., 1962) 146 So.2d 37, affirmed by the Louisiana Supreme Court in 244 La. 730, 154 So.2d 380 (1963). Both of the cited cases quoted from the United States Supreme Court case of People of State of N. Y. ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, in which it was held that if the court of the state which rendered the judgment (of custody) had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause.
*74 While the reverse of the present situation was before the court in both the Huhn and Ackenhausen cases, those decisions established what we consider to be the Louisiana Conficts of Law rule with regard to the necessity for jurisdiction over the minor children by a court purporting to modify a custody order.
In each of the cited cases the noncustody parent sought to enforce a modified custody order issuing out of a court of another state having originally granted a divorce to the parents and awarded custody to one parent. In each instance the parent having custody moved to Louisiana and established a domicile here together with the children. In the Ackenhausen case the court stated:
"The modified custody judgment having been obtained in the Nevada Court, while Mrs. Ackenhausen and her children were domiciled and residing in the State of Louisiana, could not be accorded full faith and credit in Louisiana. A Court cannot modify its decree where it has no jurisdiction of the parties. The Louisiana Supreme Court had a somewhat similar situation under consideration in State ex rel. Huhn [State ex rel.] v. Huhn, 224 La. 591, 70 So.2d 391, and in that connection quoted with approval from the opinion of the United States Supreme Court in [People of] State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, as follows:
"`If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause.'"
For the reasons assigned the judgment of the lower court is reversed and set aside, the exception to the jurisdiction is sustained, and the case is dismissed at petitioner's cost.
Reversed and dismissed.