TATE, Judge.
The essential issue of this appeal is whether a Louisiana court must give full faith and credit to an Alabama modification of an earlier Alabama custody decree, when the defendant wife and the children were domiciled in Louisiana at the time the Alabama modification proceedings were instituted.
By these habeas corpus proceedings, the plaintiff father seeks custody of his minor children. His sole ground is based upon their award to him by the Alabama modification decree.
The defendant mother reconvenes, praying that she be awarded custody as the parent entitled to it. She further alleges that the Alabama custody decree has no effect in Louisiana, since both she and the children were in Louisiana at the time the Alabama modification proceedings were instituted and the decree therein rendered.
By stipulation, the sole issue at the trial hearing was whether, for purposes of determining the right to custody, the Alabama decree must be given full faith and credit by the Louisiana court. The taking of evidence on the wife’s reconventional demand — to the effect that the best interests of the children required her continued custody of them — was deferred for a later trial.
The trial judge held that a Louisiana court had the power to determine custody of these children now in Louisiana, despite the Alabama modification decree awarding custody to the father. Finding that he was not bound to accord full faith and credit to the Alabama decree, the trial judge held he had jurisdiction to determine the custody of the children now in Louisiana. LSA-C.C.P. Article 10, subd. (5).
In attacking as erroneous this holding, the husband-appellant points out that the Alabama court had continuing jurisdiction to modify its original custody award, as a result of personal jurisdiction over the wife obtained at the time of the original divorce proceedings. He further notes that tüe wife violated a provision in the original Alabama custody decree enjoining her from removing the children from Alabama. The husband therefore urges that a Louisiana court must give full faith and credit to the Alabama modification decree, at least unless a change in circumstances is shown.
Despite the husband’s present contention to the contrary, we (as did the trial court) interpret the stipulation at time of trial as limiting the issue to this:
Whether by virtue of full faith and credit to the Alabama modification decree alone, the Louisiana trial court was deprived of the power to have an evidentiary hearing which might result in altering the Alabama custody award.
Evidence introduced at the hearing on this narrow issue shows:
The wife was awarded custody of the four children of the marriage in the original Alabama divorce proceedings. The decree was rendered in November, 1967, after a four-day evidentiary hearing.
In May, 1968, the wife and children returned to her pre-marital home in Gueydan. (She stayed there because she could obtain better employment to support the children.) The evidence adequately proves that the wife changed her domicile to Louisiana. Louisiana Civil Code Articles 38, 41, 43. The domicile of the children is that of the mother to whom custody was awarded. Louisiana Civil Code Articles 120, 218; Nowlin v. McGee, La.App. 2d Cir., 180 So.2d 72, certiorari denied 248 La. 527, 180 So.2d 541.
On July 26, 1968, the husband filed a petition in the Alabama court to modify its original custody decree. The sole ground urged, and the sole one proved at the modification hearing, was that the wife had taken the children out of the Alabama school and had ignored the original Alabama de *204 cree’s stipulation, which had enjoined her from permanently removing the children from the state.
Service of the petition was made upon the wife through registered mail. She neither appeared nor was represented at the modification hearing, which resulted in the modification decree of August 27, 1968, changing the children’s custody from the wife to the husband. It is this modification decree that the husband relies upon solely (for present purposes), in attempting to obtain the children from the wife through his habeas corpus petition.
The law in this and other jurisdictions is conflicting and confused as to the degree of respect to which a foreign modification decree is entitled in another forum, when the parent and children are domiciled in the latter at the time of the foreign custody modification proceedings.
Some courts hold that the modification decree is not entitled to full faith and credit, since it is a non-final adjudication by a foreign court without jurisdiction of the departed parent and children. Others hold that the decree is indeed entitled to full faith and credit (being valid by virtue of the continuing jurisdiction of the original divorce court), but these same courts nevertheless preponderantly allow the present forum to make a custody award differing from that of the modification decree on the basis of changed conditions.
See: State ex rel. Huhn v. Huhn, 224 La. 591, 70 So.2d 391; State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88; Emery v. Emery, La.App. 4th Cir., 223 So.2d 680; Brewer v. Macaluso, La.App. 4th Cir., 221 So.2d 343; State ex rel. Cahill v. James, La.App. 1st Cir., 172 So.2d 299; In re Ackenhausen, La.App. 4th Cir., 146 So.2d 37 (affirmed, without discussion of foreign court’s modification jurisdiction, 244 La. 730, 154 So.2d 380).
See also: Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958); People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); Leflar, American Conflicts Law, Sections 245, 246 (2d ed. 1968); Annotation, Habeas Corpus—Modifying Custody, 4 A.L.R.3d 1277, Section 4 (p. 1289). and passim (1965) ; Annotation, Custody of Children—Jurisdiction, 4 A.L.R. 2d 7, Section 17 (p. 32), 47-53 (p. 85 et seq.) (1949); Annotation, Power of court to modify the provisions of its decree respecting custody of child as affected by absence of parent or child from its territorial jurisdiction, 70 A.L.R. 526 (1931); 24 Am.Jur.2d Divorce and Separation, Section 998 (1966).
We do not find it necessary to determine which, as a matter of law, is the correct approach. The cited authorities show, at the very least, that the Louisiana court is not required to enforce the Alabama modification decree, but it may redetermine the question on the basis of present circumstances in the interest of the best welfare of the child, just as could an Alabama court. Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958).
Whatever may be the effect of the Alabama modification decree, therefore, the mother is entitled to show at an evidentiary hearing that it is in the best interest of the children that their custody remain with her. State ex rel. Huhn v. Huhn, 224 La. 591, 70 So.2d 391; State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88; Emery v. Emery, La.App. 4th Cir., 223 So.2d 680. This is the only issue presented for determination, and the trial court decided it correctly.
At the evidentiary hearing, under the presently preponderant view, the mother bears the burden of proving that a change of custody from the father to her is in the best interest of the children; for the Alabama court had continuing jurisdiction to render the modification decree, upon proper notice to the wife, by virtue of the personal jurisdiction over her initially acquired at the time of the original divorce proceedings. Emery v. Emery, La.App. 4th Cir., 223 So.2d 680 and authorities therein cited. See also Pattison v. Pattison, La.App. 4th *205 Cir., 208 So.2d 395 and Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399 (1947).
This is despite the suggestion by our Supreme Court in State ex rel. Huhn v. Huhn, 224 La. 591, 70 So.2d 391, 394, that the original forum no longer has jurisdiction with extraterritorial effect to modify the original custody decree, when the custodial parent and children are domiciled in another state. We ourselves do not at this time reach any firm conclusion upon this uncertain question, in this area of law now in a period of transitional development. See Leflar, American Conflicts Law, Sections 245, 246 (2d ed., 1968).
For the reasons previously stated, we affirm the District Court judgment holding that the father is not entitled to the return of the children upon the sole basis that the Louisiana tribunal must give full faith and credit to the Alabama modification decree. The husband-appellant is to pay the costs of this appeal.
Affirmed.