SAVOY, Judge.
Plaintiff, Mrs. Sylvia Dianne Mendivel, filed a writ of habeas corpus against her former husband for the custody of two minor children born of their marriage. She alleged she was awarded their custody in a contested divorce proceedings in Texas; that after her husband failed to pay child support, she became financially unable to care for the children and placed them temporarily with their paternal grandparents; that defendant abducted the minor children and disappeared with them for the past eight years; that despite diligent efforts, she was unable to locate the children or defendant until recently; and that defendant has refused to return the children to her or allow her to visit with them. The writ was filed October 26, 1970, and the hearing was set for October 29, 1970. On October 27, 1970, the defendant filed an answer to the petition for the writ of ha-beas corpus and a reconventional demand wherein defendant alleged that plaintiff voluntarily turned the children over to him for keeping and custody within two weeks after the divorce decree in Texas; and that the children had since been continuously in his care, custody and control. Defendant alleged that plaintiff had then admitted she was not a fit mother, and that the children were better off with him; that she had waived and abandoned all rights of custody to the children that she may once have had; and that the children are happy and well cared for in the home of the defendant with his second wife. Defendant prayed that the writ be dismissed at plaintiff’s cost, and that there be judgment in his favor in reconvention awarding him the custody of the minor children.
On October 29, 1970, the hearing on the writ of habeas corpus was continued to November 6, 1970. On that date, defendant filed under the same docket number a petition for custody of the children, wherein a rule was issued to Mrs. Mendivel to show cause why Mr. Simpson should not be awarded the temporary custody of the children pending the final hearing on the merits. The hearing on the rule for temporary custody was also fixed for November 6, 1970. These new pleadings were served on counsel for Mrs. Mendivel. For convenience in writing this opinion, Mrs. Mendivel will be referred to as plaintiff, and Mr. Simpson as defendant, regardless of their status in the respective actions.
Plaintiff filed a dilatory exception directed to the reconventional demand in the habeas corpus proceedings, objecting to improper cumulation of actions and to unauthorized use of summary proceedings. Declinatory exceptions were filed to the petition for custody and its incidental rule on the basis of insufficiency of service of process and lack of jurisdiction in person-am, and dilatory exceptions were filed pleading improper cumulation of actions and unauthorized use of summary proceedings.
Personal service was made on Mrs. Men-divel of the petition for child custody and its incidental rule when she appeared in court for the hearing on November 6, 1970. After a hearing on the exceptions, the reconventional demand seeking change of custody in the habeas corpus proceedings was dismissed. The exceptions to the petition for custody and its incidental rule for temporary custody were overruled. The court ordered the hearing on the writ of habeas corpus and the hearing on temporary custody to be consolidated for trial, over the objection of counsel for plaintiff. After the hearing, the district court denied plaintiff’s application for a writ of habeas corpus and granted Mr. Simpson temporary custody of the children, with visitation rights to Mrs. Mendivel. All other issues were referred to the merits of the suit for child custody. A judgment was duly *184 signed and plaintiff has filed a devolutive appeal to this Court.
Plaintiff maintains that the district court erred in allowing the habeas corpus proceedings to be used to determine a change of child custody, in allowing the use of a summary proceedings or a rule to show cause to grant temporary custody in a suit for change of custody, and in stripping a mother of custody previously awarded to her where it was not shown that she was morally unfit or incapable of taking suitable care of her children, and where it was shown that a change would not be in the best interest of the children.
Defendant maintains that the use of ha-beas corpus proceedings for the change of custody of children is proper, and also that the use of summary proceedings for temporary custody in a suit for child custody was proper as being an incidental question arising in the course of litigation. Defendant further maintains that the children’s mother had abandoned them to their father for a period of eight years; that the best interest and welfare of the children would be best served by continuing their custody with Mr. Simpson; and that the district court did not abuse its discretion.
The first issue is whether or not a writ of habeas corpus can be used to try the issue of custody as between parents. The jurisprudence of this state recognizes that custody decrees are subject to modification to the end that the best interests of the children will be served, and that the writ of habeas corpus is one of the methods available to try the issue of custody between parents. See the cases of State ex rel. Girtman v. Ricketson, 221 La. 691, 60 So.2d 88 (1952); Hickman v. Hickman, 218 So.2d 48 (La.App. 3 Cir. 1969); Emery v. Emery, 223 So.2d 680 (La.App. 4 Cir. 1969); Legé v. Legé, 228 So.2d 202 (La.App. 3 Cir. 1969); and cases therein cited. In effect, these cases allow a habeas corpus proceedings to be converted into a custody hearing.
Considering the respective pleadings, we find that the district court had a choice of two procedures to follow. Under the jurisprudence above cited, the court could have made a final determination in the habeas corpus proceedings and granted the custody of the children to either plaintiff or defendant. Instead, the district court used an alternative procedure, which we find acceptable under the facts and circumstances of this case. The court consolidated the hearing on the writ of habeas corpus with a hearing for temporary custody incidental to the suit for change of custody.
Mrs. Mendivel had subjected herself to the jurisdiction of the court by filing the writ of habeas corpus. The children were living in this state at the domicile of their father who had maintained their actual Custody for nearly eight years. Considering these facts, there is no question but that the district court had jurisdiction, and counsel for plaintiff has admitted that any defect as to service on plaintiff was cured by the personal service on her on November 6, 1970. The main thrust of plaintiff’s argument is that there was an improper use of summary procedure. However, we do not agree. We find that the district court had authority to issue a rule related to temporary custody incidental - to the suit for change of custody. Such a procedure is authorized by LSA-C.C.P. Article 2592, Subsection (1). This procedure as followed by the district court has certain advantages. It provides protection for the welfare of the children by allowing evidence for change of custody to suit any immediate needs. Generally, prior to a full hearing, the children are allowed to remain with the parent who has had actual custody, unless good cause is shown for an immediate change. Then, since the trial on the merits is fixed on the regular docket, each party will have time for full preparation of their cases before the trial. Accordingly, this Court approves the procedure the district court followed in the instant case.
*185 The final issue is whether or not the district court erred in awarding temporary custody of the children to Mr. Simpson. The primary consideration in making a determination as to custody is the best interests of the children, and because of the nature of the proceedings, the trial court is vested with much discretion in awarding custody as between the parents.
After carefully reviewing the record, this Court finds there is ample evidence to support the decision of the district court. Of much importance is the fact that the children were only three and five years of age at the time their father took actual custody of them, and now at ages eleven and thirteen, they do not even know their mother. The evidence shows that the children are content and happy at the home of their father and his present wife, and that this home is a good one. The evidence, particularly as substantiated by a letter written by Mrs. Mendivel in April, 1963, indicates that she had abandoned the children by late 1962 or early 1963, and there is no showing that she made any real efforts to visit or contact her children after then until in 1970. She had worked from May to December, 1963, when she remarried. She then continued living in Texas with her husband until he got out of the service, and they moved to California in October, 1964. She did not even contact a lawyer about obtaining her children until 1966, and then did nothing until her return to Texas in 1970. The district court did not submit written reasons for its decision and is undoubtedly withholding final judgment as to the facts until the full hearing on the merits. Considering the facts and circumstances of this case, .this Court finds no abuse of discretion by the district court in awarding the temporary custody of the children to Mr. Simpson pending the trial on the merits for change of custody.
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are assessed against Mrs. Mendivel.