CUTRER, Judge.
The plaintiff, George Michael Dailey, seeks a declaratory judgment decreeing that Zachary Clayton Hough, a minor child, is presumed to be the legitimate child of Rita Lenore Holloway Hough and Marshall Vernon Hough; that the plaintiff, George Michael Dailey, is not the natural father of the child and thus has no obligation to support and maintain the minor child, Zachary Clayton Hough. Made defendants in this suit were Zachary Clayton Hough, the minor child, Rita Lenore Holloway Hough, and Marshall Vernon Hough.
An attorney was appointed tutor ad hoc to represent the minor child, who filed an answer to the suit denying all allegations contained in the plaintiff’s petition for lack of sufficient information to justify a belief therein. A curator ad hoc was appointed to represent Rita Lenore Holloway Hough, who filed declinatory exceptions of lack of jurisdiction over the person of Rita Lenore Holloway Hough and lack of jurisdiction of the subject matter. Marshall Vernon Hough, Jr., also filed declinatory exceptions of lack of jurisdiction over the person of Rita Hough and the minor child, Zachary Clayton Hough, lack of jurisdiction over the subject matter, lack of jurisdiction over the status, and nonjoinder of necessary parties to this suit.
Mrs. Hough then retained counsel, who answered the plaintiff’s suit and filed a reconventional demand wherein she seeks to have George Michael Dailey declared the natural father of the child and also seeks custody of the minor child in addition to child support. By ex parte order, Rita Hough had the exceptions previously filed by her dismissed.
After a hearing on the exceptions, the lower court, relying on the case of Stewart v. Stewart, 233 So.2d 305 (La.App. 1st Cir. 1970), ruled that the court did not have jurisdiction over, the status (subject matter). The court further ruled that, under the provisions of LSA-C.C.P. Art. 3,[1] the mother could not waive such jurisdiction by filing an answer. From this ruling the plaintiff appeals.
From the record it appears that Rita Lenore Holloway Hough and Marshall Vernon Hough, Jr., were married on June 14, 1975, in Bienville Parish, Louisiana, and that on January 14, 1977, a judgment of separation was rendered in favor of Marshall Vernon Hough, Jr., and against Rita Lenore Holloway Hough. On June 15, 1977, 181 days after the judgment of separation was rendered, Zachary Clayton Hough was born in the Presbyterian Hospital of Dallas, Dallas, Texas. The birth certificate of Zachary Hough lists the father as Marshall Vernon Hough, Jr. Since his birth Zachary Hough and his mother have resided in Texas.
The record further reveals that on March 7,1978, Rita Hough filed a suit to establish *1184 the paternity of Zachary Hough in the Juvenile Court of Dallas County, Texas. In that suit she alleges that George Michael Dailey is the biological father of Zachary. The record does not disclose the disposition of that suit and this court assumes that no judgment has been rendered in that suit.
The issue presented on appeal is whether a Louisiana court has jurisdiction to hear a declaratory action filed by George Dailey against an absentee child wherein Dailey seeks to be declared not the father of such minor child, Zachary Clayton Hough.[2]
The plaintiff seeks a declaration of his status as to whether he is the natural father of the minor, Zachary Hough, who is an absentee residing with his mother in Dallas, Texas.
In the case of Stewart v. Stewart, supra, the issue was whether the Louisiana court had jurisdiction of an action en desaveu when the husband, a Louisiana resident, sought to disavow a child who lived with the mother in Tennessee.
The court held as follows:
“States may enact legislation to permit personal actions to determine status and still meet the requirements of due process of law as first announced in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878). Louisiana has done this through Article 10 of the Code of Civil Procedure.[3] Significantly, however, the first paragraph of the article provides that such proceedings may occur ‘only’ under the seven enumerated conditions therein set forth and an action in disavowal of paternity is not one of the conditions listed. We can assume that the omission of this class of action pertaining to status was either an oversight on the part of the redactors of the Code or it was their intention to restrict its scope. In the absence of any prior jurisprudential or statutory expressions on the subject, we are compelled to follow the distinctly stated provisions of the article and apply it, insofar as extraterritorial effect is concerned, to ‘only’ the specifically enumerated actions. We feel fortified in this interpretation by the fact that in each of the conditions listed in the article particular reference ’’s made to domicile or physical presence of the adverse party in the state.”
In both the Stewart case and the case at hand the paternity of the absentee child is the principal issue presented. Under these circumstances, and for the reasons set forth in Stewart, this court concludes that the trial court correctly held that it was without jurisdiction over the subject matter.
*1185 For these reasons, the judgment of the trial court is affirmed.
AFFIRMED.
GUIDRY, J., concurs for additional reasons assigned.

. LSA-C.C.P. Art. 3 provides as follows:
“The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.

. This appeal only concerns the principal demand. No disposition of the reconventional demand appears in the record.

. Art. 10 of the Code of Civil Procedure reads as follows:
Art. 10. Jurisdiction over status
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
(1) An adoption proceeding if the person who has legal custody of the child is domiciled, or the child is lawfully, in this state, and the court has personal jurisdiction over the adoptive parent; or if the latter is domiciled in this state, and the court has personal jurisdiction over the legal custodian;
(2) An emancipation proceeding if the minor is domiciled in this state;
(3) An interdiction proceeding if the person sought to be interdicted is domiciled in this state, or is in this state and has property herein;
(4) A tutorship or curatorship proceeding if the minor, interdict, or absentee, as the case may be, is domiciled in this state or has property herein;
(5) A proceeding to obtain the legal custody of a minor if he is domiciled in, or is in, this state;
(6) An action to annul a marriage if one or both the parties are domiciled in this state; and
(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state.
B. For purposes of Subparagraphs (6) and (7) of Paragraph (A) of this article, if a spouse has established and maintained a residence in a parish of this state for a period of twelve months, there shall be a rebuttable presumption that he has a domicile in this state in the parish of such residence.