IxBROWN, Judge.
In 1993, when plaintiff, James Owen Prine, a resident of Louisiana, turned 18 years old, he joined the Navy. He maintained Louisiana as his home of record during his military service. He married Amity Barbara Moser Prine on October 2, 1994, in Las Vegas, Nevada. The couple physically separated on December 15,1994.
Plaintiff returned to Louisiana after leaving the Navy and on October 23, 1995, he filed a petition for divorce in the First Judicial Court, Caddo Parish, Louisiana, alleging that he and defendant had never established a matrimonial domicile; had not acquired any community property; had separated without reconciliation; and, of their marriage, no children were conceived or born. Plaintiff noted, however, that defendant had informed him that she was pregnant with another man’s child. Because defendant was not domiciled in Louisiana, an attorney was appointed to represent her interest.
On January 9, 1996, plaintiff filed an amended petition asserting that defendant had given birth to a daughter, Hunter Leigh-ann Prine, on October 19, 1995, in Geneva, Illinois. Plaintiff sought to disavow paternity of the child and asked that blood and tissue samples be collected and tested. An attorney was appointed to represent the interest of the non-resident child.
The attorneys appointed to represent the non-resident mother and child filed exceptions to the exercise of jurisdiction by the Louisiana court, alleging that neither have sufficient minimum contacts with the state of Louisiana such that a court of this state has jurisdiction to determine the child’s paternity.[1]
The district court overruled the exceptions. The attorney representing the child filed an application for a supervisory writ in this court on April 12, 1996, which was granted and docketed on July 3, 1996. We now reverse.

12Discussion

There is a distinction between jurisdiction over status or subject matter and jurisdiction over the person. La. C.C.P. arts. 6 and 10; Atkins v. Atkins, 588 So.2d 407 (La.App. 2d Cir.1991).
Jurisdiction over the status or subject matter of the instant ease is provided by La. C.C.P. art. 10 A(8):
A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
[[Image here]]
(8) Unless otherwise provided by law, an action to establish parentage and support or to disavow parentage if the child is domiciled in or is in this state, and was either born in this state, born out of state while its mother was domiciled in this state, or acknowledged. However, regardless of the location of the child or its place of birth, an action to disavow may be brought if the person seeking to disavow was domiciled in this state at the time of conception and birth and is presumed to be its parent under the laws of this state. (Emphasis added).[2]
*639 Our inquiry, however, does not end here. A legislative grant of subject matter jurisdiction cannot confer jurisdiction over a person under circumstances inconsistent with due process. A court has legal authority and power to render a personal judgment only if it has jurisdiction over the person of the party against whom the judgment is sought. Imperial v. Hardy, 302 So.2d 5 (La.1974); Atkins, supra.
In order to subject a non-resident defendant to personal jurisdiction, due process requires that the defendant must have certain minimum contacts with the forum state so that maintenance of the suit does not offend traditional notions ofjjfair play and substantial justice. International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); deReyes v. Marine Management and Consulting, Ltd., 586 So.2d 103 (La.1991); Spillers v. Sierra Testing, Inc., 26,816 (La.App.2d Cir. 04/05/95), 653 So.2d 209, rev. denied, 95-1143 (La.06/16/95), 655 So.2d 334.
The central concern of the inquiry into personal jurisdiction is the relationship among the defendants, the forum and the litigation. Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); Duehring v. Vasquez, 490 So.2d 667 (La.App. 2d Cir.1986). An individual is not subject to the jurisdiction of a forum with which he has no contacts, ties or relations. International Shoe Company, supra; Duehring, supra
Whether a particular defendant has sufficient minimum contacts with the forum is to be determined from the facts and circumstances of each individual case. Louisiana Plastic Converting Corp. v. Plexchem International, Inc., 26,943 (La.App.2d Cir. 05/10/95), 655 So.2d 630; Atkins, supra
In the instant case, neither mother nor child have any connection with Louisiana. A judgment of disavowal will necessarily stigmatize the child and terminate substantial rights without meeting the minimum requirements of due process. Thus, we are constrained to reverse the trial court’s ruling and dismiss plaintiffs action based on the court’s lack of personal jurisdiction over the defendants.

Conclusion

For the reasons set forth above, the trial court’s judgment is REVERSED and plaintiffs action is DISMISSED.

. A judgment of divorce was rendered on April 2, 1996, and signed and filed on April 8, 1996.

. Subsection (8) was added to La. C.C.P. art. 10 in 1980. Prior to its addition, two different circuits had ruled that Louisiana courts did not have subject matter or status jurisdiction over a suit filed by a Louisiana domiciliary to disavow a non-resident child. Dailey v. Hough, 368 So.2d 1182 (La.App. 3d Cir.1979); Stewart v. Stewart, 233 So.2d 305 (La.App. 1st Cir.1970).