I,GASKINS, J.
John Williams Watkins appeals the trial court judgment granting Nancy Rose Watkins’ exception of lack of personal jurisdiction and dismissing his suit for divorce under La. C.C. art. 103. For the reasons set forth below, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings.
FACTS
Mr. and Mrs. Watkins were married in February 1988 in Mississippi and established their matrimonial domicile in Mississippi. One child, Victoria, was born of the marriage on May 9,1989.
The parties physically separated in 2002; however, there are different accounts as to the exact date of that separation ranging from January 1, 2002, to February 4, 2002. On March 14, 2002, the Chancery Court of Warren County, Mississippi entered an order entitled “Agreed Temporary Order” in a matter entitled “Nancy R. Watkins v. John Williams Watkins ” and bearing docket No. 2002-066-GN.[1] The order provided for temporary support to be paid by Mr. Watkins to Mrs. Watkins in the amount of $1,350.00 per month for herself and the minor child.[2] Temporary custody of the child was awarded to Mrs. Watkins with reasonable visitation being granted to Mr. Watkins. Mrs. Watkins was also awarded the exclusive use and possession of the marital home while Mr. Watkins was ordered to pay the house note. Mr. Watkins was also directed to maintain health insurance |j>on both his wife and minor child and to pay the child’s noncov-ered medical expenses.
On April 3, 2002, Mr. Watkins filed a complaint for divorce in the Chancery Court of Warren County, Mississippi, in the matter entitled “John W. Watkins v. Nancy R. Watkins ” and bearing the same docket number as the suit in which the previously mentioned temporary order was issued. He sought a divorce on the basis of irreconcilable differences. He alleged that the parties separated on February 4, 2002; that he was seeking an equitable distribution of the marital assets; that the custody and care of the minor child should remain with Mrs. Watkins; and that he should be ordered to pay support for the maintenance of the minor child. He further asserted that he was a resident of Warren County and had been so for more than six months before filing.
On November 19, 2002, the Chancery Court of Warren County issued an “Order of Dismissal” signed pursuant to a motion made by Mr. Watkins and which dismissed his pending complaint for divorce. On that same date, Mr. Watkins filed a petition for divorce in Franklin Parish, Louisiana, declaring that he was a domiciliary of Franklin Parish, Louisiana, and requesting a divorce under La. C.C. art. 103. In the petition, Mr. Watkins identified Mrs. Watkins as being a nonresident and requested that an attorney be appointed on her behalf on whom service and citation could be made. The court appointed James M. Ste *466 phens, and citation and service were made upon him on November 21, 2002.
laOn December 5, 2002, Mrs. Watkins filed declinatory exceptions of lack of personal jurisdiction, insufficiency of citation and insufficiency of service of process. In January 2003, Mrs. Watkins filed her own complaint for divorce in Warren County, Mississippi, on the basis of Mr. Watkins’ alleged adultery and requesting custody of their minor child and support for both herself and the child. She asserted that they separated on or about January 25, 2002.
A hearing on Mrs. Watkins’ exceptions was held on February 21, 2003. Mr. Watkins testified that he had lived in Louisiana since January 1, 2002, that he intended to reside in Louisiana permanently, and that his residency was incorrectly stated in his Mississippi complaint for divorce. Admitted into evidence was a certified copy of his declaration of domicile which was recorded in the Franklin Parish conveyance records. In this declaration, he stated that he had been a resident and domiciliary of Franklin Parish continuously since January 1, 2002, and that Franklin Parish had been his only and principal establishment since that date. As evidence of his residency in Winnsboro, Louisiana, Mr. Watkins also introduced copies of pay records, a telephone bill, and a bank statement; the earliest of these was dated March 11, 2002. He testified that he was seeking only a divorce and that he was not requesting that the Louisiana court rule on any other issue, such as property rights, child custody and support, or spousal support. He stated that he was seeking a divorce at this time because he wished to remarry. Mr. Watkins’ oldest daughter, Stephanie, testified that her father l4was living in Louisiana on January 1, 2002. Furthermore, she testified that she lived with him- in Winnsboro from February 12 to April 20, 2002.
Mrs. Watkins testified that she and her minor child had no contacts with the state of Louisiana. She also testified that she filed for divorce in Mississippi because she was concerned about the possible adverse effects of a Louisiana divorce upon the Mississippi order of support. According to her, they had not yet obtained a divorce in Mississippi because they could not come to an agreement about the house and child support. At the conclusion of the hearing, the trial court took the matter under advisement.
On March 14, 2003, the trial court issued written reasons for judgment which granted Mrs. Watkins’ exception of lack of personal jurisdiction. In granting the exception, the trial court cited several factors. They included: (1) the parties’ prior- submission to the jurisdiction of a Mississippi court, where matters were still pending; (2) Mr. Watkins’ dismissal of his Mississippi action on the same day that he filed his Louisiana action; (3) Mr. Watkins’ contradictory assertions as to his domicile before the Mississippi and Louisiana courts; and (4) the court’s concern that exercising jurisdiction over the parties’ marital status would “in effect exercise personal jurisdiction over Nancy Watkins insofar as her rights are concerned in the Chancery Court of Warren County.” The trial court did not address the exceptions of insufficiency of citation or service of process. Nor did the trial court make any finding as to Mr. Watkins’ domicile.
|BOn May 23, 2003, the trial court signed a judgment granting the exception of lack of in personam jurisdiction and dismissing Mr. Watkins’ suit for divorce. This appeal followed.
DISCUSSION
On appeal, Mr. Watkins challenges the trial court’s refusal to exercise jurisdiction *467 over his divorce proceedings on the basis that it lacks personal jurisdiction over the defendant.
Jurisdiction is defined in La. C.C.P. art. 1 as the court’s legal power and authority to hear an action and grant relief. In every civil case in Louisiana, the court must have not only subject matter jurisdiction, but also either (1) personal jurisdiction under La. C.C.P. art. 6, (2) property jurisdiction under La. C.C.P. art. 8 or 9, or (3) status jurisdiction under La. C.C.P. art. 10. Jurado v. Brashear, 2000-1306 (La.3/19/01), 782 So.2d 575. There is no dispute that the Fifth Judicial District Court in and for the Parish of Franklin has subject matter jurisdiction over divorce. There also appears to be no dispute that if one assumes that Mr. Watkins had, in fact, established his domicile in Louisiana prior to filing his petition for divorce, La. C.C.P. art. 10(7) provides status jurisdiction for the purposes of obtaining a divorce.
La. C.C.P. art. 10 states in pertinent part:
A. A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
[[Image here]]
(7) An action of divorce, if, at the time of filing, one or both of the spouses are domiciled in this state.
lfiB. For purposes of Subparagraphs (6) and (7) of Paragraph A of this Article, if a spouse has established and maintained a residence in a parish of this state for a period of six months, there shall be a rebuttable presumption that he has a domicile in this state in the parish of such residence.
This article is part and parcel of the legislature’s regulation in the area of domestic relations, an area that has long been regarded as a province of the states. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), overruled on other grounds by Shaffer v. Heitner, 433 U.S. 186, 212, 97 S.Ct. 2569, 2584, 53 L.Ed.2d 683 (1977); Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). In Williams, supra, the United States Supreme Court specifically recognized the power of a state to alter the marital status of a spouse domiciled within its borders, even though the other spouse is a nonresident. 317 U.S. at 298-9, 63 S.Ct. 207. In footnote 2 of Jurado, supra, the Louisiana Supreme Court discussed this status jurisdiction as follows:
Personal jurisdiction refers to “the legal power and authority of a court to render a personal judgment against a party to an action or proceeding.” La.Code Civ. Proc. art. 6. Personal jurisdiction differs from status jurisdiction, which allows a Louisiana court to exercise jurisdiction over the “status” of persons who have sufficient connexity with the state and to adjudicate certain actions under certain circumstances, even though the court lacks personal jurisdiction over the defendant. The theory underlying status jurisdiction, provided in La.Code Civ. Proc. art. 10, is that a divorce action, for example, is more analogous to an action in rem that an action in personam. See 1 Robert C. Casad & William B. Rich-man, Jurisdiction in Civil Actions § 2-2[3](b)(3d ed.1998). A state must have the right to prescribe the rules governing the marital status of a spouse domiciled in this state, whether or not the other spouse is domiciled here. However, only the marital status is subject to adjudication under status jurisdiction, and ancillary claims for alimony or support require personal jurisdiction over the nonresident who owes the personal obligation.
| Nevertheless, the trial court in the present matter granted Mrs. Watkins’ ex *468 ception of lack of in personam jurisdiction. There appears to be no dispute that if in fact in personam jurisdiction was required for the Louisiana court to entertain Mr. Watkins’ petition for divorce, then it had not obtained personal jurisdiction over Mrs. Watkins. The issue posed by this appeal, however, is whether under the particular circumstances of this case, personal jurisdiction was required.
The argument made by Mrs. Watkins is that by exercising jurisdiction over the marital status of the parties, the Louisiana court would in effect be exercising personal jurisdiction over her. This exercise of personal jurisdiction would allegedly result from the impact that a judgment of divorce rendered in Louisiana would have on the separate maintenance order rendered by the Chancery Court of Warren County, Mississippi. According to appellee’s brief, a judgment of divorce would terminate not only the marriage but also the separate maintenance order, citing Miss. Divorce, Alimony and Child Custody, N. Shelton Hand, Jr. § 2-13 and King v. King, 246 Miss. 798, 152 So.2d 889 (1963). Consequently, Mrs. Watkins argues that a Louisiana judgment of divorce would in effect be a personal judgment against her because it would affect her personal and property rights.
We disagree. It is correct that a Louisiana court must have in personam jurisdiction to render a personal judgment against a party to an action. La. C.C.P. art. 6. However, the court’s adjudication of the marital status of one of its domiciliaries with a nonresident does not amount to a Impersonal judgment” simply because of the possible effects of the judgment in another state. The courts of this state have not refused to give full faith and credit to divorce judgments of other states due to the repercussions they have on a Louisiana resident’s rights under this state’s support laws,[3] and, consequently, we do not believe, absent the showing of some compelling reason, that Louisiana’s interest in being able to adjudicate the marital status of its own domiciliaries should be subjugated to the interests of Mississippi in enforcing its spousal support laws.
Similar arguments to the one made here by Mrs. Watkins have been refuted by the United States Supreme Court as being the price of our federal system. In Williams, supra, Justice Douglas cited Alaska Packers Ass’n v. Industrial Accident Comm., 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044 (1935), in asserting that application of the “Full Faith and Credit” clause of the U.S. Constitution to state statutes requires that some accommodation of the conflicting interests between two states must be made. However, Douglas noted that there is no “authority which lends support to the view that the full faith and credit clause compels the courts of one state to subordinate the local policy of that state, as respects its domiciliaries, to the statutes of any other state.” Williams, 317 U.S. at 296, 63 S.Ct. 207. Conversely, it is not axiomatic that simply because Mississippi would be compelled to give full faith and credit to a Louisiana divorce decree regarding the marital status of Mrs. Watkins, that it would be compelled to recognize the divorce decree as to her right to support under Mississippi law.
| flFurthermore, our review of Mississippi law does not support the assertion that the right to pursue spousal support would be precluded by the rendering of a judgment of divorce in a sister state. In Weiss v. Weiss, 579 So.2d 539 (Miss.1991), the Supreme Court of Mississippi addressed the issue of whether a Mississippi state court *469 had jurisdiction to determine alimony where the parties had previously been granted a foreign divorce. In concluding that jurisdiction was available, the court stated that under Mississippi law the litigation of the divorce and of alimony are divisible,and that rendition of the divorce in a foreign jurisdiction does not affect that divisibility. Therefore, while a judgment of divorce may or may not automatically terminate the “separate maintenance” order currently in effect[4], it does not appear that Mrs. Watkins will be precluded by Mississippi law from pursuing an alimony claim in the courts of that state in the event a judgment of divorce is entered by a Louisiana court. See Weiss, supra.
Lastly, we find Mrs. Watkins’ reliance on this court’s opinion in Prine v. Prine, 28,935 (La.App.2d Cir.1/22/97), 687 So.2d 637, to be misplaced. In Prine, supra, we dealt with the issue of whether a Louisiana court had jurisdiction to adjudicate a disavowal of paternity action of a minor child born during the marriage between the presumed father, a Louisiana domiciliary, and the mother, a nonresident. Neither the mother | innor the child had any connection with Louisiana. This court in effect concluded that while status jurisdiction over such an action was conferred under La. C.C.P. art. 10(8), a judgment of disavowal would not only stigmatize the child, but also terminate the child’s substantive rights. Thus, this court considered a judgment of disavowal to be a “personal judgment” requiring personal jurisdiction under La. C.C.P. art. 6 because of the effect that judgment regarding the child’s status would have on the rights of the child, as well as the stigma of bastardizing the child. Our harmonization of Louisiana law in Prine, supra, does not impose on our district courts the untenable and impossible obligation of harmonizing Louisiana law with that of every other jurisdiction in our federal system on a case-by-case basis.
CONCLUSION
Accordingly, we hereby reverse the trial court’s judgment granting Mrs. Watkins’ exception of lack of in personam jurisdiction and dismissing Mr. Watkins’ action for divorce. We remand to the trial court for further proceedings. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.

. While the record of the instant suit does not contain the pleadings leading to the issuance of the Mississippi order, the caption of that suit indicates that it was initiated by Mrs. Watkins.

. Specifically, Mr. Watkins was directed to pay $675.00 on the 1st and 15th of each . month.

. See Lewis v. Lewis, 404 So.2d 1230 (La. 1981); Hampson v. Hampson, 271 So.2d 898 (La.App. 2d Cir.1972); and Starkey v. Starkey, 209 So.2d 593 (La.App. 1st Cir.1967).

. Our review of Mississippi jurisprudence and statutory law has not revealed any authority for the proposition that “separate maintenance” is automatically terminated upon the rendering of a divorce, regardless of the jurisdiction in which the divorce is rendered. We also note that the judgment of separate maintenance issued by the Mississippi court does not distinguish an amount due for maintenance of Mrs. Watkins from an amount due for maintenance óf the minor child. Therefore, even assuming that a “separate maintenance award” for a spouse terminates upon divorce, Mississippi law is clear that an obligation of child support continues until emancipation of the child. § 93-5-23 of the Mississippi Code.